**Clifford WRIGHT, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 83–7306**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 18, 1984.

Myron K. Allenstein, Gadsden, Ala., for plaintiff-appellant.

Mary P. Thornton, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In a previous appeal, 701 F.2d 188, filed March 3, 1983, this case was remanded to the district court because of the meager record. We were unable to determine whether Wright had filed in district court a motion to remand the case to the Secretary for new evidence, and, if filed, whether the

district court had considered or ruled on the motion.

Back in district court, the claimant filed a motion to remand and attached an affidavit to show good cause why the evidence had not been incorporated into the record earlier. On review of the motion to remand, the district court determined that the new evidence would not change the Secretary's determination. 42 U.S.C. Sec. 405(g) (Supp. IV 1980) provides:

> The court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

In *Chaney v. Schweiker*, 659 F.2d 676 (5th Cir. Oct. 21, 1981), the court held that evidence was not "material" if "there is no reasonable possibility that it would have changed the outcome of the Secretary's determination." *Id.* at 679.

The additional evidence consists of a psychiatric evaluation dated June 11, 1982. The evaluation indicates that Wright has an IQ between 65 and 68, which may place him in the mentally retarded-educable and moderately to severely emotionally disturbed classifications. If this evaluation were accepted, a disability based on mental impairments might well exist and grids not be applicable. We conclude that the district court erred in finding that there was no possibility that the new evidence would affect the Secretary's decision. This holding requires a remand.

However, before a remand to the Secretary is appropriate under Sec. 405(g), claimant must establish to the district court good cause for failure to incorporate the new material into the record at an earlier stage. If the court finds good cause exists, it should remand the case to the Secretary for consideration of the new evidence.

■ On remand, the district court should also review the ALJ's application of the grids. This review is not contingent on Wright's success on the consideration of the psychiatric evaluation. In *Broz v.*

*Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz*, —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to*, 711 F.2d 957, *modified*, 721 F.2d 1297 (11th Cir.1983), we held that the Secretary could not use the age grids the Secretary had adopted to establish conclusively a claimant's ability to adapt. *Broz I*, 677 F.2d at 1360. In *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984), we explained how the Secretary could use the age grids in establishing the claimant's ability to adapt. The evidentiary determination we outlined in *Reeves* has not been made in this case. The record demonstrates that the ALJ applied the grids mechanically. The district court should give Wright an opportunity to make a proffer on his ability to adapt. If he makes such a proffer, the district court should remand to the Secretary for further consideration of this issue (unless the Secretary concludes that the grids are inapplicable because of Wright's mental impairments). If the claimant makes no such proffer, the ALJ's mechanistic use of the grids would be harmless error and there would be no need to remand to the Secretary on this issue.

VACATED and REMANDED.