**Annie Lois SMITH, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

No. 85–8818.

United States Court of Appeals, Eleventh Circuit.

July 7, 1986.

Betty Walker-Lanier, Tifton, Ga., for plaintiff-appellant.

Jack Hood, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before TJOFLAT and KRAVITCH, Circuit Judges, and DUMBAULD *, Senior District Judge.

CORRECTED

KRAVITCH, Circuit Judge:

Annie Lois Smith appeals from the district court's order granting a motion for summary judgment filed by the Secretary of Health and Human Services (the "Secretary"). The district court concluded that there is substantial evidence in the record to support the Secretary's determination that Smith is not entitled to Supplemental Security Income ("SSI") under 42 U.S.C. §§ 1381 *et seq.*, because she is not disabled within the terms of the Social Security Act. Also before this court is a motion by the Secretary to dismiss the appeal and remand the case to the Secretary for reconsideration of Smith's claim under new regulations applicable to cases involving claims of mental impairment. The motion was not filed until six days prior to the date on which oral argument before this court was scheduled to take place. Smith has filed a response opposing the Secretary's motion. In her brief filed prior to the Secretary's motion, however, Smith had requested as an alternative that we remand the case to the Secretary for consideration of new evidence that she had proffered to the district court, in the event we did not invalidate the Secretary's administrative decision outright. We believe that justice requires reversal of the district court and remand of the case to the Secretary to assess Smith's claim afresh in light of the new evidence. We set forth below the grounds upon which our decision is based [1] in order to

---

* Honorable Edward Dumbauld, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. Because the standards of review for disability insurance cases are the same as those for Sup-

plemental Security Income cases in all aspects relevant to this appeal, we rely upon authority of disability insurance cases where appropriate. *See Strickland v. Harris*, 615 F.2d 1103 (5th Cir.1980).

expedite the proceedings before the Administrative Law Judge (the "ALJ") on remand, and to clarify that our disposition of this appeal is not premised on the grounds presented by the Secretary.

The parties' arguments in their briefs to this court are as follows. Smith's central claim is that she is suffering from disabling chronic low back pain resulting from degenerative disc disease and failed surgical back syndrome. Her principal legal argument concerns the appropriate standard for evaluating claims based on pain under § 3(a)(1) of the Social Security Disability Benefits Reform Act of 1984 (the "DBRA"), Pub.L. No. 98–460, 98 Stat. 1794, 1799 (amending § 223(d)(5) of the Social Security Act, 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)). Smith also contends that the Secretary erred in applying the medical-vocational guidelines to her claim, in failing to give individual consideration to her age as it affects her ability to adapt, and in failing to order a psychiatric consultative examination to fully and fairly develop the record. Finally, Smith argues that the district court erred in not remanding the case to the Secretary based on the new evidence she proffered to the district court. The Secretary argues that under the applicable pain standard, Smith has not provided adequate evidence to prevail. He asserts that pain is an exertional impairment to which the medical-vocational guidelines are properly applied, and that Smith has not established good cause to justify a remand of her case.

The district judge's order stated that the only issue before him was whether the Secretary's decision was supported by substantial evidence. He summarized the evidence that was before the ALJ in one paragraph, concluded that the decision of the Secretary was adequately supported, and granted summary judgment to the Secretary.

■ Smith correctly contends that judicial review of the substantial evidence necessarily includes a determination of whether the Secretary applied the proper legal standard in evaluating a claimant's case.

The Secretary's repeated statement in his brief and at oral argument, that the only issue before the courts is whether the Secretary's decision is supported by substantial evidence, is inaccurate. In *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982), this court responded to a similar error by the Secretary. We stated that while our review of the Secretary's factual findings is limited to determining whether those findings are supported by substantial evidence, our review of his conclusions of law is not so limited. We again:

> emphasize this point because of an apparent misperception of our role reflected in the brief of the appellee [Secretary]. The appellant has clearly raised several objections to the legal standards employed by the ALJ, yet the appellee's brief argues that the only issue before the court is whether there is substantial evidence in the record to support the decision of the ALJ. Where an error of law has been made that might have affected the disposition of the case, this court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ.

*Wiggins v. Schweiker*, 679 F.2d at 1389 n. 3.

Hence, we find the district court's order inadequate in that it does not address legal issues raised by Smith—the standard for assessing allegations of pain, or the legality of applying the medical-vocational guidelines to this case. It fails to address Smith's proffer of new medical evidence and request for a remand. Furthermore, the district court's order focuses exclusively on the evidence that was before the ALJ and does not reflect any view on the Appeals Council's decision that the new evidence presented to it did not provide a basis for changing the ALJ decision. Because the district court failed to resolve the legal issues in this case, we conclude that remand of this case is required.

## I. REMAND TO THE SECRETARY

We first address the basis of Smith's request for a remand of her case, and then turn to the grounds set forth by the Secretary in his motion.

### A. *The Claimant's New Evidence*

The Secretary's denial of Smith's claim became a final administrative decision in November, 1984, when the Appeals Council denied Smith's request for review of the ALJ's decision. In December of 1984, Smith was hospitalized for four days during which she underwent a neurolysis and laminectomy. Smith attached to her memorandum in response to the Secretary's answer to her complaint in district court, copies of the physician reports of this hospitalization and notes on post-operative visits, the evidence being submitted for the court's consideration of remand of the case. The district court granted the Secretary's motion for summary judgment without mentioning Smith's request for a remand.

As we have stated previously, "the judicial determination of whether remand is necessary is a *de novo* proceeding." *Cherry v. Heckler,* 760 F.2d 1186, 1194 (11th Cir.1985). In that case, we also set forth the standard for such a determination. The claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is "material," that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level. *See also Wright v. Heckler,* 734 F.2d 696 (11th Cir.1984).

We find that the evidence that Smith proffered to the district court is not cumulative in that it reflects the results of new surgery which she underwent. Smith has established good cause for failure to submit the evidence at the administrative level because it did not exist at that time. *Cherry v. Heckler,* 760 F.2d at 1192. The hospitalization and surgery occurred during the course of Smith's ongoing effort to seek medical treatment to alleviate her pain. The new evidence is relative and probative to the extent that it relates to the physical impairment which Smith alleges gives rise to her disabling pain. Whether there is a reasonable possibility that it would change the administrative result is not as apparent. Each time a claimant undergoes new medical treatment, the results of that treatment do not automatically necessitate a remand of the case. We find that on the facts of this case, however, there is a reasonable possibility that the new evidence would alter the decision because it relates to the dispositive issue in the case. It may substantiate Smith's contention that the alleged organic medical condition that gives rise to her pain persists beyond her earlier surgery and treatments. The results of this recent treatment and examination might provide Smith with medical signs and findings to establish the existence of an objective medical impairment that could reasonably be expected to produce the pain of which she complains. *See Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir.1986). There is also a reasonable possibility that this evidence of the claimant subjecting herself to continued medical treatment of a serious nature would effectively counter the impression of malingering expressed by the ALJ as justification for questioning the credibility of the claimant's description of the severity of her pain. Finally, there is a reasonable possibility that this evidence, when considered in combination with the other recent evidence of her morphine epidural block and electroshock treatments which was not adequately evaluated by the Secretary as discussed below, would change the administrative outcome. Having met the *Cherry* criteria, Smith is entitled to a remand for the consideration by the Secretary of the new evidence.

Our decision to remand the case is reinforced by Smith's assertion that the record developed by the ALJ at her hearing was inadequate as to her possible mental health problem. Smith also had raised this charge at the administrative level. In a letter brief supporting her request for Appeals Council review, Smith contended that

the ALJ had failed to fulfill his duty to fairly and fully develop the facts because he had not asked Smith to undergo a consultative psychiatric examination. As Smith points out, the ALJ is charged with developing a fair and full record. *Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir.1984). This obligation exists whether or not the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981). Consultative examinations are not required by statute, but the regulations provide for them where warranted. The Secretary's regulations tell claimants: "If your medical sources cannot give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to take part in physical or mental examinations or tests." 20 C.F.R. § 416.917. This court has remanded cases to the ALJ for the express purpose of obtaining a psychiatric examination. *See, e.g., Davis v. Califano*, 599 F.2d 1324, 1327 (5th Cir.1979); *McGee v. Weinberger*, 518 F.2d 330, 332 (5th Cir. 1975).

Not only did Smith argue to the Appeals Council that the ALJ should have ordered a consultative psychiatric examination, but she also submitted additional evidence to the Appeals Council. The evidence included hospital records and physician reports which indicated that she had sought psychiatric help and had been hospitalized for electroshock treatments, as well as medical records of a morphine epidural block administered for chronic disc disease. Smith's submission of this evidence of treatment which she had undergone since the ALJ hearing was in accordance with the Secretary's regulations, 20 C.F.R. § 416.1470(b), which provides:

> If new and material evidence is submitted with the request for review, the Appeals Council shall evaluate the entire record. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in the record.

In the event that the Appeals Council recognizes that additional evidence is required,

it is authorized to remand the case to the ALJ or to obtain the information itself. 20 C.F.R. §§ 416.1476(b), 416.1477(e). This court has remanded cases in which the Appeals Council failed to adequately evaluate new evidence submitted to it and instead perfunctorily adhered to the decision of the ALJ. *See, e.g., Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir.1980). In its denial of Smith's request for review, the Appeals Council simply stated that it had considered the letter brief and the new evidence, but "decided that neither the contentions nor the additional evidence provided a basis for changing the Administrative Law Judge's decision."

We do not decide whether the record required that the ALJ order a consultative psychiatric examination. It seems apparent, however, that the evidence as it stood before the Appeals Council indicated the relevance and usefulness of such an examination. We emphasize the merit of Smith's argument and the error in the Appeals Council's treatment of her request because of the Secretary's reversal of his position on this issue. In his motion for a remand, the Secretary now acknowledges that development of the medical evidence on Smith's mental impairment is necessary, a position contrary to that taken by him throughout the history of this case.

**B. *The Secretary's New Regulations for Mental Impairment Cases***

■ The Secretary's present motion for remand is premised on the assertion that Smith's case includes an allegation of disability based on mental impairment and that this court, therefore, is required to remand the case to the Secretary so that he can consider it under the new regulations concerning cases of mental impairment promulgated in August, 1985. We reject the argument that remand of this case to the Secretary is statutorily required, and are disturbed by the timing of the Secretary's motion.

In section 5 of the DBRA, Congress directed the Secretary to create new regula-

tions to govern determinations of disability claims based on mental impairments within 120 days following the October 9, 1984, date of enactment of the legislation. Congress specified that particular cases involving mental impairment which the Secretary decided adversely to the claimant during the period between enactment of the DBRA and promulgation of the new regulations were to be reconsidered by the Secretary as soon as feasible after the new regulations were in effect. The statutory language [2] does not, however, indicate that all cases such as Smith's which are currently pending in federal court must be remanded to the Secretary before the court completes its review of the issues on appeal. Although section 5 provides that determinations made in judicial review of certain decisions rendered in continuing eligibility reviews are to be redetermined by the Secretary as soon as feasible after the new regulations take effect, the statute does not speak directly to whether the Secretary's reevaluation takes priority over judicial review of other aspects of the case, nor does the statute speak directly to decisions made in judicial review of initial determinations such as Smith's. Our interpretation of the scope of the remand provision for mental impairment cases also is based upon the contrast between the language of section 5 and the language in section 2 of the DBRA which directly mandates remand of certain cases relating to medical improvement in which a request for judicial review was pending as of a specific date.[3] We therefore reject the Secretary's argument that remand of this case is required by the statute.[4]

■ Construing the Secretary's motion as a request that this court elect to remand this case for good cause to the Secretary for reevaluation at this time under the new regulations, we also must deny the motion because of the Secretary's failure to file it at an earlier point in the proceedings before this court when it was aware both of the new regulations and of Smith's claims and evidence.

At the time of the Appeals Council's denial of Smith's request for review on November 8, 1984, the Secretary was already on notice to identify cases including an issue of mental impairment so that those in which claimants were found not disabled following October 9th could be promptly reevaluated once the new regulations were in effect. The Secretary published a Notice of Proposed Rulemaking on February 4, 1985, and provided a comment period through March 21, 1985. The final regula-

---

**2.** Section 5(c)(1) of the DBRA provides:

Any initial determination that an individual is not under a disability by reason of a mental impairment and any determination that an individual is not under a disability by reason of a mental impairment in a reconsideration of or hearing on an initial disability determination, made ... after the date of the enactment of this Act and prior to the date on which revised criteria are established by regulation in accordance with subsection (a) and any determination that an individual is not under a disability by reason of a mental impairment made ... in a reconsideration of, hearing on, review by the Appeals Council of, or judicial review of a decision rendered in any continuing eligibility review to which subsection (b)(1) applies shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria.

**3.** In sections 2(d)(2) and 2(d)(3) of the DBRA, Congress explicitly stated that in the case of certain pending requests for judicial review in

medical improvement cases, "the court shall remand such cases to the Secretary."

**4.** Our interpretation of the remand provision does not mean that mental impairment cases decided after the enactment of the DBRA and prior to the new regulations should not be remanded for evaluation under the new regulations. We do hold, however, that this court is not required to grant every request for such a remand by the Secretary. Rather, this court may, for example, find that consideration of the other aspects of a claim warrant reversal and enter an order that benefits be awarded, or the court may find that there is no mental impairment claim in the case. On the other hand, a claimant also may wish to seek immediate reevaluation of his or her case under the new regulations and not oppose the Secretary's motion. In any event, cases in which the Secretary found that an individual is not under a disability by reason of a mental impairment and in which the claimant also failed to gain relief in the courts, can be reopened by the Secretary for reevaluation under the new regulations.

tions were promulgated on August 28, 1985. The Secretary filed his answer to Smith's complaint in district court on March 12, 1985, after the proposed regulations had been published. He filed his motion for summary judgment in July, after the comment period had closed and the last step in creation of the forthcoming regulations was underway. The district court judgment was entered on August 19th. Smith did not file her notice of appeal until October 17, 1985, by which time the Secretary was in possession of the final regulations. In spite of this, the Secretary filed a brief with this court on January 14, 1986, which includes summations of various medical reports in Smith's record, yet refers to the psychological analysis submitted by Smith to the Appeals Council only to argue that it is not adequate to establish that Smith's pain is of an organic nature. Not until February 6, 1986, did the Secretary file his motion to remand this case for reevaluation under the new mental impairment regulations. At oral argument on February 12th, the Secretary attempted to justify the lateness of his motion by explaining that Smith's case is simply one that the Secretary overlooked in his effort to identify all mental impairment cases and make a timely request for remand, because it was a "split decision" in that the ALJ decision was made before the enactment of the new legislation and the Appeals Council decision was made after that date.[5]

No new evidence bearing on Smith's mental condition has been introduced since the November 8, 1984, Appeals Council denial of review. Suggestions of a mental impairment were present in the record as far back as the ALJ's review of the evidence. That record included statements in physician reports to the effect that Smith's pain condition might be exacerbated by mental impairment or depression, that there may be a major psycho-social-economic component to her pain, and a notation that depression is a common element of chronic back pain. The ALJ acknowledged in his decision that "[t]here has been some hint of mental problems but claimant has received no treatment on a regular basis for this nor is there other indication of a severe mental problems [sic] other than references by her physician." As discussed above, the Appeals Council did not find that the evidence of the psychiatric treatment justified changing the outcome or even warranted full review or a remand.

If the Secretary now considers the case to be one to which the mental impairment regulations need to be applied, there is no justification for his not having noted it at the latest by the time that he was notified that Smith had filed a notice of appeal to this court and the final new regulations were in effect. In fact, the Secretary could have agreed to Smith's request for a remand at the district court level, knowing that the case eventually would have to be reevaluated as the Secretary had denied the benefits under the old mental impairment regulations after the date of the new

5. Although the Secretary asserts that this is one of a very few cases in which he has delayed, this panel is aware of three cases in which the Secretary has made a similar last minute effort to persuade this court that the new mental impairment regulations required remand of a case. *See, e.g., MacGregor v. Bowen*, No. 85–3690 (motion for remand in light of new mental impairment regulations not filed until November 12, 1985, after claimant had filed appellate brief, although notice of appeal was filed same week in August that new regulations were issued; court of appeals denied motion on December 4, 1985; panel of this court reversed ALJ and ordered award of benefits on remand at 786 F.2d 1050 (11th Cir.1986); *Cooper v. Bowen*, No. 85–7716 (motion for remand in light of new mental impairment regulations not filed until

February 6, 1986; no mention of new regulations had been made in Secretary's submission to district court on October 11, 1985, nor was motion for remand made in district court even though no decision was rendered by that court until October 1985; court of appeals granted motion based on claimant's consent on March 26, 1986); *Austin v. Bowen*, No. 85–7205 (motion filed on December 11, 1985, (five days prior to scheduled oral argument) for remand for consideration of newly proffered evidence; motion granted based on claimant's consent but subsequently clarified on May 28, 1986, pursuant to claimant's motion to specify that remand was based on new evidence and not mental impairment regulations as Appeals Council had represented in its remand to the ALJ).

legislation. Instead, the Secretary waited until the claimant filed her appellate brief, in which she again sought a remand both on the basis of the new evidence and on the inadequate record as to her mental condition, and until she had prepared for oral argument. The Secretary even filed a response brief objecting to Smith's request for a remand. Then, less than a week before the scheduled oral argument, the Secretary filed the motion for a remand. We find this delay unacceptable. The Secretary has not shown good cause for a remand at this point.

We deny the Secretary's motion to remand and base our remand of this case on the grounds set forth by the claimant. The Secretary by his motion has agreed to consider Smith's evidence of mental impairment on remand. Because we are remanding this case for reevaluation, the Secretary also will be able to apply the new mental impairment regulations. We emphasize, however, that this remand is for consideration of the totality of Smith's claims, for consideration of her new evidence, and for assessment of her alleged pain and mental impairments individually as well as their combined effect. *Bowen v. Heckler*, 748 F.2d 629, 634–35 & n. 1 (11th Cir.1984).

## II. LEGAL STANDARD FOR ASSESSING ALLEGATIONS OF PAIN

■ Smith also challenges on appeal the means by which the ALJ evaluated her claim of disabling pain. She argues that the ALJ did not correctly interpret the appropriate legal standard for evaluating claimants' subjective complaints of pain. In *Hand v. Heckler*, 761 F.2d 1545 (11th Cir.), *vacated and rehearing en banc granted on other grounds sub. nom. Parker v. Heckler*, 774 F.2d 428 (11th Cir. 1985), this court restated the applicable legal standard as set forth in section 3(a)(1) of the DBRA. The Secretary is of course bound to apply the standard set forth in the new legislation. In weighing the pain component of Smith's claim on remand, the Secretary must determine "whether objec-

tive medical impairments could reasonably be expected to produce the pain complained of." *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir.1986); *see also, Davis v. Heckler*, 759 F.2d 432, 437 (5th Cir.1985). As Smith points out, the statutory language essentially states the standard articulated in the regulations in effect since 1980. 20 C.F.R. §§ 416.929, 404.1529. In conformity with the obligation to fully and fairly develop the record, the ALJ must ensure that adequate medical opinion on this issue is included in the record.

## III. APPLICATION OF THE MEDICAL–VOCATIONAL GUIDELINES

Smith's final contention on appeal is that application of the medical-vocational guidelines to her claim was legally invalid because her disabling pain is a nonexertional impairment to which the guidelines do not apply. She also raises a related argument concerning the ALJ's failure to properly consider her age as a factor.

■ The Secretary concedes that under *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *aff'd*, 711 F.2d 957 (11th Cir. 1983), and *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984), Smith is entitled to an opportunity to proffer evidence that her ability to adapt is less than the level established under the medical-vocational guidelines for persons her age. The ALJ can apply the grid-matrix of these guidelines to the extent authorized by the regulations. 20 C.F.R. § 416.969, and Pt. 404, Subpt. P., App. 2, § 200.00(e). If the ALJ finds that Smith's nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations, he cannot apply the grid-matrix. *See Sryock v. Heckler*, 764 F.2d 834 (11th Cir.1985). If the ALJ makes a specific finding that the nonexertional limitations are not that severe, he still can apply the grid-matrix only if each variable on the appropriate matrix accurately describes the claimant's situation as a matter of objective historical fact found by the ALJ. *See Gibson v. Heckler*,

762 F.2d 1516 (11th Cir.1985). The guidelines may serve as a framework for consideration of the combination of the exertional and nonexertional limitations. 20 C.F.R. Pt. 404, Subpt. P., App. 2 § 200.00(e).

## CONCLUSION

We REVERSE the district court's grant of summary judgment. We hereby REMAND this case to the district court with instructions to remand to the Secretary for further proceedings consistent with the purpose expressed above.