**Earnest LURRY, Jr., Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. TCA 85–7242–WS.**

United States District Court,
N.D. Florida,
Tallahassee Division.

July 17, 1987.

R. Jeremy Solomon, Tallahassee, Fla., for plaintiff.

Alan G. Burrow, Asst. U.S. Atty., Tallahassee, Fla., for defendant.

## ORDER AND FINAL JUDGMENT

STAFFORD, Chief Judge.

This cause is before the Court upon the Magistrate's Report and Recommendation dated June 25, 1987. All parties have been furnished copies of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to 28 U.S.C. Section 636(b)(1). Having considered the Report and Recommendation and all objections thereto timely filed by the parties, the Court has determined that the Report and Recommendation should be adopted.

Accordingly, it is

ORDERED:

1. The Magistrate's Report and Recommendation is adopted and incorporated by reference in this order of the Court.

2. The Secretary's decision is hereby REVERSED and this case is REMANDED to the Secretary for the limited purpose of supplementing the record with medical reports of Drs. Cook, Adolphson and Kaproth.

3. The Secretary is directed to award the claimant a period of disability benefits commencing 8 May 1984 and disability insurance benefits pursuant to Section 216(i) and 223 of the Social Security Act, as well as supplemental security income based upon Claimant's application filed July 3, 1984, pursuant to Section 1602 of the Social Security Act, as amended.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

EVERETT P. ANDERSON, United States Magistrate.

Plaintiff, Earnest Lurry, filed a timely complaint for review of a final decision of the Secretary of Health and Human Services, 42 U.S.C. Section 405(g), denying him disability benefits. The Secretary filed a Memorandum in Support of the decision, to which the Plaintiff responded. Having studied the memoranda and their cited authorities, together with the extensive record of the proceedings before the Secretary, I recommend REVERSAL of the Secretary's decision denying benefits and entry of Judgment directing the Defendant Secretary to award a period of disability and disability insurance benefits retroactive to the disability onset date of May 8, 1984.

The dates in this case are critical. They are as follows:

| DATE | EVENT |
| --- | --- |
| 8 May 1984 | Plaintiff's alleged disability onset date. Special earning requirements are met. |
| 16 June 1984 | Plaintiff undergoes total pancreatectomy followed by diabetes, chronic abdominal discomfort, and no return to regularly sustained employment. |
| 3 July 1984 | Plaintiff files application for SSI benefits. |
| Mid–July 1984 | Plaintiff's insured status terminates. |
| 2 Aug 1984 | State agency determines that Plaintiff's condition is not ex- |

pected to restrict him from working for a period of twelve continuous months, the minimum required for a "period of disability."

| | |
| --- | --- |
| 11 Oct 1984 | Motion for Reconsideration of 2 August determination is denied. |
| 16 Oct 1984 | Plaintiff files request for hearing before an Administrative Law Judge. |
| 16 Jan 1985 | Hearing is conducted before Administrative Law Judge Nelson J. Carp. |
| 12 April 1985 | After reviewing the three-month-old medical evidence, ALJ determines that Plaintiff is not entitled to a period of disability or disability insurance benefits nor to SSI benefits, since continuation of Plaintiff's acknowledged post-surgery limitations is deemed not probable. The ALJ never finds Plaintiff "not disabled." |
| 8 May 1985 | Expiration of 12–month period that began with Plaintiff's disability onset date of 9 May 1984. |
| 1 July 1985 | Appeals Council denies request for review and lets ALJ decision stand as the final decision of the Secretary. |
| 2 Sept 1985 | Plaintiff files the present federal action seeking review of the Secretary's decision. Shortly thereafter, he files another Petition for SSI benefits. |
| 12 Sept 1985 | Notice of initial determination denies plaintiff SSI and disability insurance benefits. |
| 26 Dec 1985 | On the basis of new medical evidence, The Secretary, through Disability Determination section, finds Plaintiff disabled as of 1 August 1985, "the first day of the first month after the Appeals Council decision refusing review of the ALJ decision denying benefits." |

In setting the disability onset date at 1 August 1985, the DDS stated:

You have stated you became disabled on May 9, 1984. Your file has been reviewed. *Because of recently obtained medical evidence, we have decided that you are disabled.* However, it is noted that you were denied benefits by the Appeals Council in July of 1985. *We are unable to establish the beginning of your disability prior to the denial decision made by the Appeals Council.* Therefore, the beginning of your disability will be established as of August 1, 1985, the first day of the first month

after the Appeals Council decision. (emphasis supplied).

From the foregoing, it is clear that the Secretary's disability onset date decision was *not* based upon medical evidence. Rather, it was based upon Social Security Administration policy.

■ The disability onset date is controlling in this case. If Plaintiff's disability began before and continued beyond termination of his insured status in July, 1984, then he is entitled to a period of disability and disability insurance benefits. If the disability began thereafter, he is limited to substantially reduced SSI benefits.

■ The issue before this Court is a narrow one. It is whether "good cause" exists to reopen the prior proceedings. "Good cause" turns on whether Plaintiffs justifiably failed to offer into the record of the January, 1985 administrative proceedings medical evidence that might reasonably have changed the outcome. See 42 U.S.C. Section 405(g); *Wright v. Heckler*, 734 F.2d 696, 697 (11th Cir.1984) (per curiam); *Allen v. Schweiker*, 642 F.2d 799, 802 (5th Cir. Unit B 1981) (per curiam); *Cherry v. Heckler*, 760 F.2d 1186 (11th Cir.1985).

■ The Plaintiff has met his "good cause" burden. The continuous-disability-probative evidence was not introduced at or immediately following the January, 1985 proceedings because, for the most part, it did not yet exist. The dates of the reports cited in the Secretary's later disability determination are as follows:

| DATES | REPORTING DOCTOR |
|---|---|
| 30 Jul 84—19 Aug 85 | Dr. Adolphson |
| 3 Dec 85 | Dr. Cook |
| 5 Aug 85—11 Nov 85 | Dr. Kaproth |

The Eleventh Circuit has held that "good cause" for failing to present evidence earlier may be found where it did not exist at the time of the administrative proceeding. *Cherry v. Heckler, supra*, 760 F.2d at 1192. Such is precisely the situation here.

Although it is not necessary to reach the merits of the above-cited reports (the Secretary having found them sufficient to justify a finding of disability), I note that Dr. Adolphson has opined since 20 March 1985

that claimant is disabled and unable to work, while Dr. Kaproth found Plaintiff incapable of a full range of sedentary activities.

Critical to my recommendation in this case is that the ALJ's decision of 12 April 1985 fell short of finding the Plaintiff "not disabled." Based on the necessarily incomplete evidence before him, the ALJ simply concluded that Plaintiff's post-May, 1984 surgical limitations were *unlikely to continue* to the 8 May 1985 date that marked the end of the "period of disability" required for an award of disability benefits.

The post-May, 1985 evidence proved this prediction wrong. The Secretary properly considered that evidence in reassessing Plaintiff's disability status but artifically excluded it in reassessing Plaintiff's disability onset date.

As the Secretary has now determined Plaintiff to be disabled, remand for a *de novo* proceeding on this issue is totally unnecessary. See *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (1984); *Cherry v. Heckler*, 760 F.2d 1186 (11th Cir.1985). Remand should therefore be limited to directing the mandatory awarding of benefits, beginning with the 8 May 1984 onset date found to be appropriate in the prior administrative proceeding.

In summary:

1. The primary function of this Court in Social Security Appeals is to determine whether there is substantial, competent medical evidence to support the Secretary's decision. The Secretary has already removed that burden from this court by finding this Plaintiff disabled based on all evidence available to the Secretary as of December, 1985. Only the onset date of that disability is at issue.

2. The Secretary has never determined this Plaintiff to be *not disabled* since his 8 May 1984 hospitalization and disability onset date found to be appropriate in the 1985 administrative proceedings. There is *no evidence* in this record, medical or otherwise—apart from initial prognoses later shown to be wrong—to suggest that Plain-

tiff has ever recovered from his 18 June 1984 pancreatectomy to the point that he could actually engage in regularly sustained employment. The post-May, 1985 *medical* evidence corroborates more than the fact of disability; it is totally consistent with all prior medical evidence, which supports an 8 May 1984 onset date.

3. Plaintiff has demonstrated legally sufficient "good cause" for reopening the initial adverse determination to permit the introduction of later-adduced evidence that justifies finding a "period of disability" and awarding disability benefits. The Secretary's non-medically-based "disability onset" *policy* must give way to the same *medical evidence* that the Secretary has found sufficient to justify a determination of disability.

Accordingly, it is

RECOMMENDED:

1. That this court REVERSE the Secretary's decision denying benefits and REMAND the case for the limited purpose of supplementing the record with the medical reports of Drs. Cook, Adolphson and Kaproth, with additional instructions to award the claimant a period of disability benefits commencing 8 May 1984 and disability insurance benefits pursuant to Section 216(i) and 223 of the Social Security Act, as well as supplemental security income based upon Claimant's application filed July 3, 1984, pursuant to Section 1602 of the Social Security Act, as amended.

2. Title 28 U.S.C. Section 636 and Local Rule 27(B) of this court permit any party to object to these proposed findings, recommendations or report within ten (10) days after being served with a copy thereof. Any objections shall be in writing and shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection.

Any objection shall be filed with the Clerk of the Court and copies served on the magistrate and all other objections within ten (10) days after being served with a copy thereof. Failure to object to this Report and Recommendation prior to the district court's acceptance and adoption of the Report and Recommendation limits the scope of appellate review of factual findings. *U.S. v. Warren,* 687 F.2d 347 (11th Cir.1982); *Hardin v. Wainwright,* 678 F.2d 589 (5th Cir. Unit B 1982), *Nettles v. Wainwright,* 656 F.2d 986 (5th Cir.1981), and *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

IN CHAMBERS this 25th day of June, 1987.