Louis GREAUX, Plaintiff,

v.

Kenneth S. APFEL, Commissioner,
Social Security Administration,
Defendant.

No. 6:99–CV–1416–ORL–31JGG.

United States District Court,
M.D. Florida,
Orlando Division.

March 14, 2001.

Jose M. Carrion, Orlando, FL, for plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for defendant.

## ORDER

PRESNELL, District Judge.

This cause comes before the Court on the Complaint to Review Decision of the Commissioner of Social Security (Doc. No. 1) filed NOVEMBER 4, 1999.

The United States Magistrate Judge has submitted a report recommending that the decision of the Commissioner be reversed and the case be remanded to the Social Security Administration for further consideration and review.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court concurs with the findings of fact and conclusions of law in the Report and Recommendation. Therefore, it is **ORDERED** as follows:

1. That the Report and Recommendation filed FEBRUARY 27, 2001 is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. That the decision of the Social Security Commissioner be reversed and the case be remanded to the Social Security Administration for further review and consideration, consistent with the Report and Recommendation of the Magistrate Judge.

## Report and Recommendation

GLAZEBROOK, United States Magistrate Judge.

Plaintiff Louis Greaux ["Greaux"] appeals to the district court from a final decision of the Commissioner of Social Security [the "Commissioner"] denying his application for a period of disability and disability insurance benefits. *See* Docket No. 1 (complaint). For the reasons set forth below, the Commissioner's decision should be **REVERSED AND REMANDED.**

### I. *PROCEDURAL HISTORY*

On November 20, 1997, plaintiff Greaux protectively filed his claim for disability benefits, claiming disability as of October 31, 1996. R. 67. On March 4, 1999, the Honorable Theodore Haynes, Administrative Law Judge ["ALJ"], held a hearing on Greaux's claim in Orlando, Florida. R. 29 – 48. Attorney Jose Carion represented Greaux at the hearing. R. 32. The ALJ heard testimony by Greaux, but did not utilize a Vocational Expert.

On May 19, 1999, the ALJ issued a fully favorable decision finding that Greaux was entitled to disability and disability insurance benefits. R. 11. The ALJ found that Greaux met the disability insured status requirements on October 31, 1996 (his alleged onset date) and continued to meet them through December 31, 1997. R. 14, Finding 1. Following his review of the medical and other record evidence, the ALJ found that Greaux could not perform his past relevant work as a metal and tire salvager. R. 15, Finding 6. The ALJ found that Greaux's residual functional capacity to perform sedentary work was reduced by an affective disorder characterized by moderate restrictions of daily and social activities, and limitations of concentration. R. 15, Finding 7. The ALJ applied the Medical–Vocational Guidelines,

and concluded that Greaux was disabled. R. 15, Finding 11.

On June 22, 1999, W. Burnell Hurt, Associate Commissioner for Central Operations of the Office of Disability and International Operations of the Social Security Administration ["ODIO"] sent a memorandum to the Office of Hearings and Appeals stating that a review of Greaux's earnings record revealed that he was last insured as of March 31, 1995. R. 201. The memorandum attached nine pages of what appear to be printouts from a computer database that the covering memorandum refers to as the "claims folder." R. 202 – 210. By notice dated August 17, 1999, the Appeals Council informed Greaux that it was reopening the ALJ's May 19, 1999 decision "for good cause as defined in 20 C.F.R. 404.989." R. 211. The reopening was only with respect to Greaux's disability insurance benefits claim, and did not disturb the ALJ's decision with respect to Greaux's supplemental security income claim. R. 211. The notice invited Greaux to submit additional evidence or a written statement within thirty days.

In a letter dated September 6, 1999, Greaux (by his attorney, Jose Carion) submitted a two-page document that he represented was a "fax transmission that is already on [sic] the file, from the Office of Central Operations Division of Certification and Coverage dated **November 19, 1997**[,] stating that **claimant has coverage** and also [sic] a **DLI of 12/97**." R. 214 (emphasis in original). Alternatively, Greaux argued that the record presented to the ALJ established that Greaux had been disabled since October 1992. R. 215.

The Appeals Council issued a decision on October 20, 1999 reversing the ALJ's May 19, 1999 decision with respect to Greaux's disability insurance benefits claim. R. 6. The decision reiterated the Appeal Council's authority to reopen an ALJ's decision within four years for good cause as defined in 20 C.F.R. § 404.989. The decision dismissed Greaux's proffered documentary evidence, noting that "the December 1997 date last insured is based upon an incorrect prior period of disability." R. 6. The decision also dismissed Greaux's proposed earlier onset date, stating that "[i]f the claimant wishes to receive a determination on the issue of disability based on the new alleged onset date of October 1992, he will need to file a new application." R. 6.

On November 4, 1999, Greaux timely appealed the Appeals Council's decision to the United States District Court. Docket No. 1. On May 1, 2000, Greaux filed a memorandum of law in support of his appeal. Docket No. 16. On June 29, 2000, the Commissioner filed a memorandum in support of the Appeals Council's action. Docket No. 20. This Court heard oral argument of the appeal on February 1, 2001. Docket No. 26. The appeal is ripe for determination.

## II. APPLICABLE LAW

### A. *The Court's Review of the Commissioner's "Final" Decisions*

 The Social Security Act provides in relevant part that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Congress left the term "final decision" undefined in 42 U.S.C. § 405(g). Where a claimant exhausts his administrative remedies by re-

questing review by the Appeals Council and the Appeals Council then denies review, the Appeals Council's order denying review is a "final decision" of the Commissioner under § 405(g). *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 2083, 147 L.Ed.2d 80 (2000); *accord Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). The Appeals Council's denial of review is subject to judicial review to determine if it is supported by substantial evidence. *Sims*, 120 S.Ct. at 2086.

### B. *Standard of Review*

#### 1. *Affirmance*

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir.1982) and *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *accord, Edwards v. Sullivan*, 937 F.2d 580, 584 n. 3 (11th Cir.1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n. 3 (11th Cir.1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir.1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir.1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

#### 2. *Reversal and Remand*

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g) (Sentence Four). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir.1994); *accord Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. *Bowen v. Heckler*, 748 F.2d 629, 631, 636–37 (11th Cir.1984).

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089–92, 1095, 1098 (11th Cir.1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99 F.3d at 1090–91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir.1980) (remand ap-

propriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler,* 732 F.2d 827, 829–30 (11th Cir.1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work) (treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, non-competitive, tailor-made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler,* 721 F.2d 726, 729 (11th Cir.1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984) (ALJ should consider on remand the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson,* 99 F.3d at 1089, 1095.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

The ... court may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: 1.) that there is new, non-cumulative evidence; 2.) that the evidence is material—relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. *See Jackson,* 99 F.3d at 1090–92; *Cannon v. Bowen,* 858 F.2d 1541, 1546 (11th Cir.1988); *Smith v. Bowen,* 792 F.2d 1547, 1550 (11th Cir.1986); *Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir.1986); *see also Keeton v. Dept. of Health and Human Serv.,* 21 F.3d 1064, 1068 (11th Cir.1994).

A sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson,* 99 F.3d at 1095. With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. *Jackson,* 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.[1] *Id.*

## C. *Appeal Council's Reopening and Review of an ALJ's Decision*

The regulations promulgated by the Commissioner explicitly vest the Appeals Council with discretion to review an ALJ's decision for any reason within sixty days:

Anytime within 60 days after the date of a decision or dismissal that is subject to review under this section, the Appeals Council may decide on its own motion to review the action that was taken in your

---

1. The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. *Jackson,* 99 F.3d at 1099, 1095 n. 4 and surrounding text. In a sentence-four remand,

the EAJA application must be filed after the entry of judgment before the district court loses jurisdiction. *Id.* In a sentence-six remand, the time runs from the post-remand entry-of-judgment date in the district court. *Id.*

case. We may refer your case to the Appeals Council for it to consider reviewing under this authority.

20 C.F.R. § 404.969, A separate regulation permits the Commissioner to "reopen" an ALJ's decision:

We may reopen a final determination or decision on our own initiative, or you may ask that a final determination or a decision to which you were a party be reopened. In either instance, if we reopen the determination or decision, we may revise that determination or decision. The conditions under which we may reopen a previous determination or decision, either on our own initiative or at your request, are explained in Sec. 404.988.

20 C.F.R. § 404.987(b). The Commissioner may "reopen" a decision under the following circumstances:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason; [or]

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in Sec. 404.989, to reopen the case....

20 C.F.R. § 404.988. Section 404.989 defines "good cause" in the following terms:

(a) We will find that there is good cause to reopen a determination or decision if—

(1) New and material evidence is furnished;

(2) A clerical error in the computation or recomputation of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

20 C.F.R. § 404.988.

Section 404.969 names the Appeals Council. None of the sections governing "reopening" specify any actor other than "we." In a case construing a prior version of the revision and reopening rules, the Eleventh Circuit held that this omission prohibited the Appeals Council from invoking the reopening rules. *Butterworth v. Bowen*, 796 F.2d 1379 (11th Cir.1986). The *Butterworth* court employed a structural analysis of the revision and reopening regulations, noting that,

[t]he central flaw throughout the Secretary's argument is his persistence in equating the term Social Security Administration with the Appeals Council. A reading of the regulations in their entirety simply does not support the position that the Appeals Council can at any point in the administrative process invoke the authority which any of the other SSA components may have. The manner in which the regulations are drafted as well as the structure of the review process supports the interpretations of the reopening authority as applying at each different level.

*Butterworth*, 796 F.2d at 1388. The *Butterworth* court read § 404.969 as a jurisdictional prerequisite: "[s]ection 404.969 makes it clear that once sixty days elapses after an ALJ decision, the Appeals Council no longer has the authority to review that decision." *Butterworth v. Bowen*, 796 F.2d at 1387–88.

The Commissioner initially acquiesced in the *Butterworth* decision. *See* Acquiescence Ruling 87–2(11) (May 1, 1987). In 1998, however, the Commissioner revised § 404.969 to its current form. 63 Federal Register 36560 (July 7, 1998). The revi-

sions were intended, among other things, to "clearly state[ ] our policy that the Appeals Council has authority to reopen, in accordance with the requirements of §§ 404.987, [and] 404.988 ... ALJ decisions that come before it for possible own-motion review." 63 Federal Register at 36564. Among the revisions was the addition of the phrase "that is subject to review under this section" to § 404.969(a). Also, a new subsection (d) was added:

> If the Appeals Council decides to review a decision or dismissal on its own motion, it will mail a notice of review to all the parties as provided in Sec. 404.973. The Appeals Council will include with that notice a copy of any written referral it has received under paragraph (c) of this section. The Appeals Council's decision to review a case is established by its issuance of the notice of review. If it is unable to decide within the applicable 60-day period whether to review a decision or dismissal, the Appeals Council may consider the case to determine if the decision or dismissal should be reopened pursuant to Secs. 404.987 and 404.988. If the Appeals Council decides to review a decision on its own motion or to reopen a decision as provided in Secs. 404.987 and 404.988, the notice of review or the notice of reopening issued by the Appeals Council will advise, where appropriate, that interim benefits will be payable if a final decision has not been issued within 110 days after the date of the decision that is reviewed or reopened, and that any interim benefits paid will not be considered overpayments unless the benefits are fraudulently obtained.

20 C.F.R. § 404.969(d). As a result of the § 404.969 revisions, the Commissioner rescinded his acquiescence in *Butterworth*. 63 Federal Register 36726 (July 7, 1998).

## III. *APPLICATION AND ANALYSIS*

 The Court first considers whether the Appeals Council erred by reversing the ALJ's decision pursuant to the reopening procedure specified in §§ 404.987, 404.988, and 404.989. The Court finds that it cannot make this determination on the present record. Both the Commissioner and the claimant frame the issue for determination as whether the 1998 revisions to § 404.969 cure the jurisdictional limitations in § 404.969 identified by the *Butterworth* court. However, the Court need not reach this issue. Instead, the Court finds that there is insufficient evidence in the record for the Court to determine whether or not the Appeals Council complied with the terms of subsection (d) to § 404.969. Specifically, the record is entirely silent as to whether Appeals Council was "unable to decide within the applicable 60-day period whether to review a decision or dismissal." The record reflects that on June 22, 1999—thirty-four days after the ALJ's decision—a representative from the ODIO sent a memorandum to the Office of Hearings and Appeals stating that a review of Greaux's earnings record revealed that he was last insured as of March 31, 1995. R. 201. The next entry in the record is a notice dated August 17, 1999—ninety days after the ALJ's decision—stating that the Appeals Council was reopening the ALJ's May 19, 1999 decision "for good cause as defined in 20 C.F.R. 404.989." R. 211. However, nothing in the notice, nor anything else in the record, indicates when the Appeals Council received the ODIO's memorandum or how long between June 22, 1999 and August 17, 1999 the matter was under consideration by the Appeals Council. Nothing in the record indicates whether or not the Appeals Council was "unable to decide" whether to review Greaux's case between June 22, 1999 and July 19, 1999 (the expiration of the 60-day period).

■■ The Court next examines the decision of the Appeals Council to see if it is supported by substantial evidence in the record. The Court cannot make this determination on the present record. So far as the record reflects, the Appeals Council considered two pieces of documentary evidence in reaching its conclusion that Greaux's date of last insurance was March 31, 1995. First, it considered nine pages of computer printouts submitted by ODIO (which are referred to in the ODIO's covering memorandum as the "claims folder"). The first two pages of the claims folder [R. 202 – 3] consist of a summary table of annual FICA earnings for the years 1966 through 1989. This merely reiterates in part the more extensive FICA earnings summary for the years 1966 through 1997 that was presented to the ALJ R. 70. The remaining seven pages [R. 204–210], though apparently the basis for the revised date of last insurance, are unintelligible to the Court. The covering memorandum from ODIO does not explain how these documents support the March 31, 1995 date. The Appeal Council's decision also fails to provide any explanation. At the February 1, 2001, counsel for the Commissioner conceded that neither he nor the Office of Regional Counsel was able to decipher these documents.

The second piece of evidence considered by the Appeals Council is a document submitted by Greaux that states in relevant part "DIS DLI: 12/97." R. 216. The Appeals Council's decision states that "the December 1997 date last insured is based upon an incorrect prior period of disability" [R. 6], but does not explain how this error was made or how the correct date was computed. The Court is thus presented with two documents that are both records generated by the Social Security Administration, one allegedly accurate and the other allegedly containing a computational error. Given the lack of analysis in the Appeals Council's decision, the Court cannot find that there is substantial evidence in the record supporting its decision. Indeed, the Commissioner conceded at oral argument that the record was insufficient to affirm.

## IV. *CONCLUSION*

For the reasons stated above, the decision of the Commissioner should be **REVERSED AND REMANDED** under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner shall first determine whether the Appeals Council was "unable" to decide within sixty days of the ALJ's May 19, 1999 decision whether to review it, within the meaning of § 404.969(d). The Commissioner shall next determine Greaux's correct date last insured, collecting additional evidence if necessary. Finally, the Commissioner shall reassess the date of onset of disability. Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 6.02 within eleven days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal. Any party appealing this decision shall file and serve a copy of the oral argument transcript within **eleven** days of the date of this order.

DATED: February 27, 2001