[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11146
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00068-MCR-EMT

FREDDIE MCCREA, JR.,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 4, 2011)

Before EDMONDSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Freddie McCrea, Jr. appeals the district court's order affirming the

Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits. After review, we reverse and remand for additional proceedings consistent with this opinion.[1]

A claimant for SSI benefits must prove he is disabled. 20 C.F.R. § 416.912. The Social Security regulations provide a five-step evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.945(a). The Administrative Law Judge ("ALJ") must evaluate (1) whether the claimant engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work;[2] and (5) whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform. 20 C.F.R. § 416.920(a)(4); see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

Here, the ALJ determined at steps one through three that McCrea had not

---

[1]We review the Commissioner's decision to determine whether it is supported by substantial evidence and applies the correct legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted). Determining whether a remand is necessary is a de novo proceeding. Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

[2]RFC is the most a claimant can do despite any physical or mental limitations caused by the impairment and its related symptoms. 20 C.F.R. § 416.945(a)(1).

engaged in substantial gainful activity since September 26, 2005, and had these severe impairments that did not meet or equal a listed impairment: polysubstance abuse; a history of bladder cancer–post resection with urostomy placement and residual right testicular pain; hypertension; depressive disorder; and estimated borderline intellectual functioning. At step four, the ALJ concluded that McCrea had the RFC to perform his past relevant work as a janitor and, thus, was not disabled.

## A.     Past Relevant Work

On appeal, the Commissioner concedes that the ALJ's finding that McCrea could return to his past relevant work is not supported by substantial evidence.[3] We agree.

At step four, a claimant will be found not disabled if he can return to his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). Past relevant work is work: (1) that the claimant performed within the last fifteen years, (2) that lasted long enough for the claimant to learn how to do the work, and (3) that was performed at the level of substantial gainful activity. 20 C.F.R. 416.965(a). Substantial gainful activity is work that "involves doing significant physical or mental activities" that is done "for pay or profit." 20 C.F.R. § 416.972(a)-(b).

---

[3]The Commissioner initially raised this issue in a motion to remand. This Court denied the motion to remand so that McCrea's claim that the ALJ showed bias, which we discuss infra, could be addressed.

In evaluating whether the claimant's past work is substantial gainful activity, the ALJ's "primary consideration will be the earnings [the claimant] derive[d] from the work activity." 20 C.F.R. § 416.974(a)(1). Under the regulations' earnings guidelines, a claimant's earnings (in 2001 and each year thereafter) ordinarily will show that he engaged in substantial gainful activity if the earnings were more than the previous year or the average monthly earnings were more than $700, adjusted for changes in the national average wage index. See 20 C.F.R. § 416.974(b)(2)(i)-(ii), see also id. § 416.974a (explaining that to determine whether a claimant is doing substantial gainful activity, the ALJ will average monthly earnings).

Here, it is not clear from McCrea's testimony or the disability reports how long McCrea worked as a janitor between 1990 and 2005 (the fifteen-year period before he filed his application) or how much he earned from this work. McCrea testified that he (1) performed janitorial services "off and on since 1974"; (2) was incarcerated from 1987 to 2003, during which time he built wheelchairs; and (3) worked as a janitor in Pensacola in 2004. During the hearing, the ALJ did not question McCrea to determine the exact nature of his janitorial work. Additionally, McCrea earned approximately $5,000 ($416 per month) in 2004, less than the $700 average monthly earnings needed to constitute substantial gainful activity for that year. Accordingly, the ALJ did not have the information needed to determine whether McCrea's prior

4

work as a janitor qualified as substantial gainful activity and thus was past relevant work that McCrea could perform.

The ALJ has an obligation to develop a full and fair record. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Remand for further development of the record is appropriate when there are evidentiary gaps that result in prejudice. Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995). Given that the record lacks substantial evidence to support the ALJ's finding that McCrea could perform past relevant work as a janitor, remand is appropriate. See 42 U.S.C. § 405(g); Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996) (explaining that a "remand to develop a full and fair record in accordance with law is a sentence-four remand").

## B.     McCrea's Bias Allegations

McCrea contends our remand should be with instructions to assign the case to a different ALJ because the original ALJ allegedly demonstrated bias during the hearing. See Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996) (explaining that a claimant is entitled to an impartial ALJ); 20 C.F.R. § 404.940 (disqualifying an ALJ who "is prejudiced or partial with respect to any party or has any interest in the matter pending for decision").[4] As evidence of bias, McCrea points to statements the ALJ

---

[4]The Commissioner argues that McCrea waived his bias claim by failing to object to the magistrate judge's report and recommendation ("R&R") that concluded McCrea's bias claim lacked merit. Where, as here, the appellant failed to object to an R&R, we review the findings of

5

made during the hearing as to the effect of drug use on a claimant's eligibility for benefits. Specifically, the ALJ noted that the treating physician's notes indicated that McCrea had tested positive for cocaine and marijuana. After McCrea admitted he had used "dope" three weeks earlier to treat his pain, the ALJ stated that claimants who use drugs are not eligible for benefits and that he would not consider McCrea's mental impairments because they were caused by drug use.

The Commissioner concedes that the ALJ misstated the law as to the evaluation of evidence of drug addiction. Under 42 U.S.C. § 423(d)(2)(C) and its implementing regulations, only after the ALJ determines that a claimant is disabled and finds medical evidence of drug addiction does the ALJ "'determine whether . . . drug addiction . . . is a contributing factor material to the determination of disability.'" Doughty v. Apfel, 245 F.3d 1274, 1279 (11th Cir. 2001) (quoting 20 C.F.R. § 404.1535). The "key factor" in this "'materiality determination'" is "whether the claimant would still be found disabled if he stopped using drugs or alcohol." Id.; see also 20 C.F.R. § 404.1535(b)(1).

However, the ALJ's misstatements do not show that the ALJ was biased against McCrea such that he did not receive a full and fair hearing. First, during the

---

fact only for plain error or manifest injustice, but still review the legal conclusions de novo. See United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988); United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982).

hearing, despite these misstatements, the ALJ did not focus exclusively on McCrea's drug use and allowed McCrea to testify about his mental impairments, mainly his depression, in addition to his physical impairments. Second, the ALJ did not repeat these misstatements in his written opinion. Indeed, the ALJ's written opinion summarized the evidence of McCrea's mental impairments, determined that McCrea's substance abuse, depression and borderline intellectual functioning were serious impairments, gave substantial weight to a doctor's mental residual functional capacity assessment and included McCrea's limitations due to his mental impairments in the RFC finding. Finally, because the ALJ concluded, at step four, that McCrea was not disabled, the ALJ did not reach the "materiality determination" of § 423(d)(2)(C), which occurs only if the ALJ concludes a claimant is disabled. For this reason, the ALJ's written opinion had no reason to consider the effect of McCrea's drug use on his eligibility for benefits.

Accordingly, we reverse the district court's judgment and remand the case with instructions that it be returned to the Commissioner for further development of the record.

**REVERSED AND REMANDED.**