**June L. NELMS, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 86–3139**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 10, 1986.

William C. Davis, Jr., Jacksonville, Fla., for plaintiff-appellant.

Dorothea Beane, Asst. U.S. Atty., Jacksonville, Fla., for defendant-appellee.

CORRECTED OPINION

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

In this social security case appellant's work background sheet showed that she had worked as a "custodial worker" at a university. She testified that she cleaned classrooms and offices. No detailed description of her custodial duties or the physical demands thereof was solicited or proffered. For example, there is no evidence concerning whether she used equipment, the size and weight of items she was required to use, whether she scrubbed floors or merely dusted, or whether she was required to move furniture. These are but a few of the details that are missing. Moreover, the ALJ stated that appellant's past work as a maid was described as "light work." We are not able to locate this description in the record.

In the absence of evidence of the physical requirements and demands of appellant's work the ALJ could not properly determine that she retained the residual functional capacity to perform it.

The record as it stands is insufficient to affirm, but it is also lacking in evidence to support a finding that appellant is totally disabled. The ALJ was obliged to develop a full and fair record. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir.1981).

The cause must be remanded under 42 U.S.C. § 405(g) for a further hearing with regard to the physical demands of appellant's past work and her ability to perform the same in light of her impairments. *See Brenem v. Harris,* 621 F.2d 688, 690 (5th Cir.1980); *Cowart v. Schweiker, supra.*

Consultative physician Evans testified that appellant's left wrist was so painful that he could not examine it. Appellant's testimony and prior recorded complaints described acute pain. Despite this evidence the ALJ found that this ailment was "minor discomfort." The ALJ was required to determine whether objective medical impairments could reasonably be expected to produce the pain complained of. *Smith v. Bowen,* 792 F.2d 1547 (11th Cir. 1986). There is not substantial evidence to support the finding of "minor discomfort." An adequate medical opinion on this issue must be included in the record. *Smith v. Bowen, supra; Cowart v. Schweiker, supra.*

REVERSED and REMANDED.