Margaret A. SAVOR, Plaintiff,

v.

Donna SHALALA, Secretary of Health and Human Services, Defendant.

No. 93–116–CIV–T–17(B).

United States District Court, M.D. Florida, Tampa Division.

Oct. 27, 1994.

---

William C. Davis, Jr., Law Office of William C. Davis, Jr., Jacksonville, FL, for plaintiff.

Whitney L. Schmidt, U.S. Attorney's Office, M.D.Fla., Tampa, FL, for defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

This cause is before the Court on objections to report and recommendation (Docket No. 17) (R & R). This case was referred to the magistrate judge and a report and recommendation (Docket No. 16) issued, which the plaintiff seeks to invalidate. The Plaintiff seeks judicial review of the Secretary of Health and Human Services' denial of Social Security disability benefits and supplemental security income payments. Upon consideration of the report and recommendation of the Magistrate Judge and upon this Court's independent examination of the file, the Mag-

istrate Judge's R & R is adopted and confirmed.

## I. BACKGROUND

Plaintiff requested and was denied Social Security disability and supplemental security income. Plaintiff was again denied those benefits upon reconsideration. Subsequently, at a *de novo* hearing requested by the Plaintiff, the administrative law judge ("ALJ") found that the plaintiff "has weakness and loss of grip strength in the upper extremities, worse on the left, due to probable scalenus anticus syndrome; and has a small sebaceous cyst in the left anterior neck area; uncontrolled hypertension without associated end organ damage and obesity without associated mechanical loss" (Tr. 19). The ALJ concluded that these impairments would prevent the Plaintiff from engaging in employment that would involve lifting and carrying in excess of fifteen (15) pounds, repetitive fine manipulation, climbing, or use of the left upper extremity for reaching overhead or strenuous pushing/pulling action. (Tr. 19) Based upon the testimony of a vocational expert, the ALJ determined that the plaintiff could return to one of two former occupations.[1] Consequently, the Plaintiff was found not to be disabled. The Magistrate Judge affirmed the decision in the R & R.

## I. STANDARD OF REVIEW

When a party makes a timely objection to a R & R by a Magistrate Judge, the determination is subject to *de novo* review by the district court. *Gropp v. United Airlines, Inc.,* 817 F.Supp. 1558, 1561 (M.D.Fla.1993). However, portions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review. *Id.* at 1561–62.

## II. REVIEW OF REPORT AND RECOMMENDATION

Plaintiff's only objection to the Magistrate Judge's R & R is that it does not discuss the principles set forth in *Nelms v. Bowen,* 803

---

1. When the ALJ asked the vocational expert which occupations the claimant could perform if she could lift no more than ten pounds, could not engage in any fine manipulation, and had dis-

comfort that did not interfere with "concentration of any work that she would do," the vocational expert replied that she could work as a bank account representative or a telemarketer.

F.2d 1164, 1165 (11th Cir.1986). In *Nelms,* the Court held that in order to properly determine if a claimant retained residual functional capacity to perform work, the ALJ had to have evidence of the physical requirements and demands of that work. *Id.* at 1165. The ALJ in *Nelms* remanded the case for a further hearing to determine the "physical demands of [the claimant's] past work and her ability to perform the same in light of her impairments." *Id.*

■ After a review of the record, it is clear that the ALJ did determine the physical demands of the Plaintiff's past work and her ability to perform that work in light of her impairment. The ALJ accomplished this by eliciting the opinion of a vocational expert. The vocational expert opined that, given the limitations the ALJ determined the Plaintiff had, the Plaintiff could perform one of two previous occupations. By seeking the opinion of the vocational expert, who testified about the requirements of the occupations in relation to the abilities of the Plaintiff, the ALJ met the requirements of *Nelms.*

As to the portions of the R & R not objected to by the Plaintiff, this Court finds no clear error. Accordingly, it is

**ORDERED** that the report and recommendation, dated May 23, 1994, be **ADOPTED** and incorporated by reference; the appeal of the denial of benefits be **DENIED,** and the Court be **DIRECTED** to enter judgment in accordance with this order.

**DONE AND ORDERED.**

*REPORT AND RECOMMENDATION*

THOMAS G. WILSON, United States Magistrate Judge.

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Secretary of Health and Human Services is supported by substantial evidence, I recommend that it be affirmed.[2]

### I.

The plaintiff, who was 54 years old at the time of the administrative hearing and who has a high school education, has worked at various jobs, including employment as a telemarketing services representative and a new account bank clerk. She filed claims for Social Security disability benefits and supplemental security income which were denied initially and upon reconsideration.

The plaintiff, at her request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff "has weakness and loss of grip strength in the upper extremities, worse on the left, due to probable scalenus anticus syndrome; and has a small sebaceous cyst in the left anterior neck area; uncontrolled hypertension without associated end organ damage and obesity without associated mechanical loss" (Tr. 19). The law judge concluded that these impairments prevented the plaintiff from engaging in work that involved lifting and carrying in excess of 15 pounds, repetitive fine manipulation, climbing, or use of the left upper extremity for reaching overhead or strenuous pushing/pulling action (*id.*). However, the law judge determined, based upon the testimony of a vocational expert, that the plaintiff could return to work as a telemarketing services representative and a new account bank clerk. Accordingly, the plaintiff was found to be not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Secretary.

### II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physi-

---

1. This matter comes before the undersigned pursuant to the Standing Order of this court dated August 28, 1987. *See also* Local Rule 6.01(c)(21).

2. When this suit was filed, Louis W. Sullivan was Secretary of Health and Human Services. Donna Shalala is now that Department's Secretary, and she should be substituted as defendant for former Secretary Sullivan. *See* Rule 25(d), F.R.Civ.P.

cal or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). In this case, moreover, the plaintiff must show that she became disabled before her insured status expired on March 31, 1991, in order to be entitled to disability benefits. 42 U.S.C. § 423(c)(1); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979), *cert. denied*, 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323.

A determination by the Secretary that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938).

It is, moreover, the function of the Secretary, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir.1971). Similarly, it is the responsibility of the Secretary to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Secretary's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.

### III.

Although the plaintiff mentioned other ailments in her applications for benefits, the plaintiff bases her disability claims upon pain in the head, neck and shoulders (Tr. 39). The evidence in support of these claims, however, is weak.

In the Summer of 1989, the plaintiff saw Dr. Paul F. Wallace, an orthopedic surgeon, with complaints of pain beginning in her neck and radiating into her right arm (Tr. 183). While the plaintiff thought she had a chipped bone in her shoulder, that condition was not seen on X-rays (Tr. 182). Dr. Wallace concluded that she "ha[d] 8% disability of the body as a whole on the basis of the impingement syndrome of the shoulder and a cervical sprain" (Tr. 182).

There is no other medical evidence in the record pertaining to the head, neck or shoulders until the plaintiff was seen on July 31, 1991, by Dr. Aaron Weisberg, an internist (Tr. 184). Dr. Weisberg concluded that the plaintiff suffered a loss of motion in the left shoulder with some loss of grip strength, particularly on the left (Tr. 186). Dr. Weisberg's report contained no intimation that the plaintiff was totally disabled.

Following the administrative hearing, the law judge obtained an evaluation from Dr. Joseph L. Ortiz, an orthopedic surgeon (Tr. 199–202). Dr. Ortiz concluded that the plaintiff had a limitation of range of motion in the left shoulder, but that she had good grip strength and normal fine manipulation ability (Tr. 199, 201). He indicated some limitations based upon the left shoulder (Tr. 203–204). His report, however, contradicted the allegation of a disabling condition.

In addition, there was no evidence that the plaintiff was receiving treatment for her neck and upper extremities. Further, the record indicates that she was not taking any prescription medication.

The law judge, appropriately, considered the plaintiff's subjective complaints of pain under the governing Eleventh Circuit standards (Tr. 17). Moreover, he gave a full explanation for rejecting the allegations of disabling pain (Tr. 17–18). That explanation was reasonable and fully justifies the law

judge's credibility determination. Significantly, the plaintiff does not directly challenge the law judge's rejection of her subjective complaints of disabling pain.

The plaintiff contends, rather, that the law judge erred in finding that she could return to prior work as a telemarketer or a new account clerk. In raising this argument, the plaintiff ignores that she has the burden of showing that she cannot return to past relevant work. *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983).

In any event, the law judge reasonably evaluated the plaintiff's ability to return to past work. Thus, the law judge took into account the plaintiff's restriction in her upper extremities and even assumed that she could not perform repetitive acts of fine manipulation (despite Dr. Ortiz' recent opinion indicating otherwise). The law judge, having appropriately considered, and rejected, the allegations of disabling pain, could reasonably conclude that the problems with the upper extremities and fine manipulation were the extent of the plaintiff's limitations.

Moreover, the law judge had a vocational expert present at the hearing to testify regarding the work capacity of someone with the plaintiff's limitations. The expert indicated that an inability to lift more than 10 pounds or to engage in fine manipulation would not prevent the plaintiff from working as a telemarketer or a new account clerk (Tr. 57). This testimony provides substantial evidence supporting the law judge's ruling that the plaintiff could return to those jobs.

## IV.

For the foregoing reasons, the decision of the Secretary is supported by substantial evidence. I, therefore, recommend that it be affirmed.

DATED: MAY 23, 1994

### *NOTICE TO PARTIES*

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).