[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11553
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00597-LSC

JERRY ALLEN MCGHEE,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 30, 2020)

Before MARTIN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Jerry McGhee appeals the district court's order affirming the Commissioner of Social Security's denial of his claims for a period of disability, disability insurance benefits, and supplemental security income.  McGhee argues that the administrative law judge's (ALJ) determination that McGhee could perform his past relevant work is not supported by substantial evidence.  McGhee maintains that, but for this error, he would have been entitled to benefits.  After careful review, we affirm the district court's order.

## I.

McGhee filed claims for a period of disability, disability insurance benefits, and supplemental security income on April 23, 2015.  After the claims were initially denied, McGhee requested a hearing that was held before an ALJ on July 12, 2017.  McGhee and a vocational expert (VE) testified.  On September 29, 2017, the ALJ denied McGhee's claims.  The ALJ found that McGhee had not engaged in substantial gainful activity since the alleged onset date and had the severe impairments of hypertension and facet arthropathy of the lumbar spine. The ALJ determined that McGhee had the residual functional capacity to perform light work, with the additional limitations that he could not "climb ladders, ropes, or scaffolds; and the claimant cannot have exposure to unprotected heights."  See 20 C.F.R. § 404.1567(b) (defining "light work").  The ALJ then determined that,

2

even given those limitations, McGhee could still perform his past relevant work as a security guard.

In so finding, the ALJ relied upon two sources of information. First the ALJ pointed to McGhee's work history report, which indicated that in his job as a security guard, McGhee would typically walk for two hours a day, stand for two hours a day, and sit for six hours a day. Second the ALJ looked to the VE's testimony that McGhee's limitations would not preclude him from working as a security guard. During the hearing, the VE described McGhee's past work as a security guard as "light, semi-skilled," and testified that it corresponded to Dictionary of Occupational Titles (DOT) code 372.667-034. The ALJ then asked whether someone of McGhee's "age, education, and work experience," who could only perform light work, who could not climb "ladders, ropes, and scaffolds," and who could not be exposed to unprotected heights could perform work as a security guard. The VE responded that such a person would be able to work as a security guard. Because the ALJ found McGhee could still perform his past work, he concluded that McGhee was not eligible for disability benefits.

The Appeals Council denied McGhee's request for review. McGhee then sought review in the district court which affirmed the denial.

McGhee timely appealed.

## II.

We review <u>de novo</u> the legal principles upon which the ALJ's decision is based but we review "the resulting decision only to determine whether it is supported by substantial evidence." <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005). When determining whether a claimant can perform past relevant work, the ALJ may rely on the testimony of a VE as well as the DOT and information that the claimant provides about their work history. <u>See</u> 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." <u>Wilson v. Barnhart</u>, 284 F.3d 1219, 1227 (11th Cir. 2002).

McGhee argues the ALJ's finding that he could perform his past work is not supported by substantial evidence because the ALJ did not properly consider the physical and mental demands of McGhee's prior work as a security guard. To the contrary, the ALJ looked to the DOT entry for "security guard," McGhee's work history report, and the VE's testimony. During the hearing, the ALJ posed "a hypothetical question which comprises all of [McGhee's] impairments" to the VE. <u>See id.</u> Thus the VE's testimony that McGhee could perform his past work constitutes substantial evidence in support of the ALJ's finding.

4

McGhee points to cases that clarify there must be some "evidence of the physical requirements and demands" of a claimant's work in the record.  Nelms v. Bowen, 803 F.2d 1164, 1165 (11th Cir. 1986); see also Schnorr v. Bowen, 816 F.2d 578, 581–82 (11th Cir. 1987).  But here the record did contain evidence of the physical demands of McGhee's past work as a security guard including McGhee's work history report, the VE testimony, and the DOT entry.  McGhee offers no argument about why this record is insufficient or what duties the ALJ failed to consider.[1]

Substantial evidence supports the ALJ's finding that McGhee could perform his past relevant work.

**AFFIRMED.**

---

[1] The only argument McGhee seems to offer is a subsequent favorable decision in which an ALJ determined that McGhee could not perform his past relevant work.  But that decision is not based on any new findings about the demands of McGhee's past work.  The ALJ there made a different finding about McGhee's physical limitations based on new information about McGhee's disabilities.  In any event, the subsequent decision has no bearing on whether the ALJ's finding here is supported by substantial evidence.

5