**Mrs. Helen D. McGEE, Plaintiff-Appellant,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 75–1264**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1975.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Doris Falkenheiner, Asst. Director, Legal Aid Society of Baton Rouge, Baton Rouge, La., Pamela S. Horowitz, Southern Poverty Law Center, Montgomery, Ala., for plaintiff-appellant.

Jonathan A. Weiss, New York City, for Legal Service for Elderly Poor, amicus curiae.

Douglas M. Gonzales, U. S. Atty., Robert S. Leake, Asst. U. S. Atty., Baton Rouge, La., for defendant-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

On review of the administrative denial of the claim of Mrs. McGee for disability benefits under Tit. II of the Social Security Act, 42 U.S.C. § 401 et seq., the District Court held that she failed to carry her burden of proving that she was disabled.

Initially claimant claimed disabilities of a physical nature. Hearing before the Administrative Law Judge was set for September 19, 1973. On August 29, 1973, claimant obtained from the staff physician at the Baton Rouge Mental Health Center a "Report on Individual With Mental Impairment," entered on an HEW form. This report shows admission of claimant in April 1972 with a diagnosis of "involutional melancholia" with a prognosis of "fair." It shows that claimant was being seen monthly for medication regulation. It describes her medication, and says that chemotherapy is to continue indefinitely. It shows that at her last visit, July 26, 1973, she was "more depressed." On September 4, 1973, counsel for claimant sent this report to the ALJ with a request that a consultative psychiatric examination at government expense be ordered since claimant was financially unable to pay for such an examination. No action was taken on this request before the hearing. When the hearing began claimant was permitted to amend her claim to include an impairment described as a nervous condition diagnosed as involutional melancholia.

In the hearing the report of the staff physician at the mental health center, previously described, was admitted as an exhibit. In oral testimony claimant described her "bad nerves" and headaches so severe that two to three days was required to recover from each episode.

She stated that she had given up driving an automobile because of the headaches. She described her medication prescribed by the Mental Health Center—an unnamed medication twice daily and Thorazine once a day. She had been taking the latter more than two years.

Both medical and lay evidence described claimant as suffering from edema (swelling). A lay witness described the swelling as occurring at irregular inter-

vals and as causing claimant's face, hands and arms to swell, with hard knots in her arms, back and chest. The witness stated that, on orders of claimant's doctor, it was necessary to have available a spoon or a stick [presumably a tongue depressor] to hold claimant's tongue down when it swelled. She described a recent incident in which Mrs. McGee's badly swollen tongue almost "went back in her, down in her throat." She testified that claimant was helpless during the attacks of edema, necessitating "everything being done for her" and that it was best that she "stay within distance of somebody who knows her case." The witness stated that after an attack claimant would be drowsy and sick, unable to eat, and suffering pain when touched as though bruised, with the result that no one could touch her. Claimant's witnesses described the edema as occurring from as often as two or three times a week to periods of several weeks. A treating doctor reported them as occurring every month or so. Claimant's doctor described the edema and stated he had been unable to establish the cause. An examining physician referred to claimant's nervousness and discussed, in a manner implying that they are related, hypertension and swelling of the arms, face, hands, forearms and feet. A pathologist, who made a consultative examination, referred to "hypertensive vascular disease." A report from still another doctor, who treated claimant for several years, refers repeatedly to "angioneurotic edema."

The ALJ did not act upon the request for psychiatric examination. The defendant errs in his contention to us that the ALJ made a factual determination that the request was not sufficiently supported to require that an examination be ordered, and indeed that he found the request was frivolous. No such findings were entered with respect to the request for psychiatric examination.

■ A consultative examination is not required by statute. The regulations, § 404.1527, provide for consultative examinations where warranted. HEW's own standards, however, require the ALJ in carrying out his responsibility for "full inquiry" to obtain such medical evidence through consultative services as he deems warranted. If the ALJ does not have before him sufficient facts on which to make an informed decision, his decision is not supported by substantial evidence. See *Long v. Richardson,* 334 F.Supp. 305 (W.D.Va., 1971). Under the circumstances of this case it must be remanded, under 42 U.S.C. § 405(g) for additional evidence which should include the results of a consultative psychiatric examination inquiring, inter alia, into possible psychiatric causes for the edema.

Because of the disposition which we make it is unnecessary that we reach the contention of claimant that as an indigent she is constitutionally entitled to a consultative psychiatric examination.

Remanded for further proceedings not inconsistent with this opinion.