Willie TURNER, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 77–2076

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Doris Falkenheiner, Deputy Dir., Legal Aid Society of B. R., Baton Rouge, La., for plaintiff-appellant.

Donald L. Beckner, U. S. Atty., Baton Rouge, La., Paula Mastropieri-Billingsley, Asst. Regional Atty., Dept. of HEW, Dallas, Tex., Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

On review of appellant's claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq., the United States District Court for the Middle District of Louisiana affirmed the administrative decision that appellant was not disabled within the meaning of the Social Security Act. From that decision, claimant appeals. We affirm both as to the denial of benefits and on the alternative plea for a remand to order a mental examination.

Appellant's application for a period of disability and for disability benefits was denied both initially and upon reconsideration. Appellant's request for de novo consideration by an administrative law judge was granted. A full hearing was conducted and the administrative law judge found the appellant was not disabled within the meaning of the Social Security Act. Subsequently, the administrative law judge refused to reopen and review his decision and specifically denied appellant's request for a consultative examination. The Appeals Council approved the decision. Appellant then filed a complaint against the Secretary of Health, Education and Welfare, seeking judicial review under § 205(g) of the Social Security Act. 42 U.S.C. § 405(g). The position of the administrative law judge was again sustained. The appeal comes before us in this posture.

As has been stated many times before, our role on review is merely to determine whether or not there is substantial evidence to support the administrative decision. *Gaultney v. Weinberger*, 505 F.2d 943 (5th Cir. 1974); *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973); *Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1971). The findings of the administrative law judge as to any fact, if supported by substantial evidence, are conclusive. See *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Goodman v. Richardson, supra*. The burden of proof in Social Security cases rests upon the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). Upon diligent examination of the record and of the lengthy and thoughtful opinion rendered below, we are convinced that substantial evidence sup-

ports the determination of the administrative law judge.

■ With regard to the plea for a remand to order a mental examination, appellant argues that the administrative law judge did not fully inquire into the matters at issue because of his failure to reopen the case and order a consultative psychiatric examination at the government's expense. Appellant bases this argument on our decision in *McGee v. Weinberger,* 518 F.2d 330 (5th Cir. 1975). Appellant's reliance on *McGee* is misplaced. In that case, because the administrative law judge had made no ruling upon the request and the record as developed left many unanswered questions concerning the cause of McGee's edema, we remanded for further inquiry—including a psychiatric examination—as provided by Health, Education and Welfare regulations. In *McGee* we said:

> A consultative examination is not required by statute. The regulations, § 404.1527, provide for consultative examinations *where warranted* [under the § 404.927 hearing procedures]. HEW's own standards, however, require the [administrative law judge] in carrying out his responsibility for "full inquiry" to obtain such medical evidence through consultative services *as he deems warranted.* (Emphasis added). 518 F.2d at 332.

To be very clear, "full inquiry" does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision. In appellant's case, the evidence in the record upon which the administrative law judge based his denial of benefits fully developed the facts necessary to make that determination. The testimony of both lay and medical witnesses [1] supports the conclusion that appellant is not disabled so as to preclude his continued employment as a taxi driver.

Judgment is AFFIRMED.

---

1. This evidence was received in the form of hospital records and medical reports.