**Mona D. FORD, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 80–7985.

United States Court of Appeals, Fifth Circuit.*
Unit B

Oct. 15, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Edward R. Zacker, Brunswick, Ga., for plaintiff-appellant.

Henry L. Whisenhunt, Jr., Asst. U. S. Atty., Augusta, Ga., for defendant-appellee.

Before FRANK M. JOHNSON, Jr., and HATCHETT, Circuit Judges, and SCOTT,** District Judge.

CHARLES R. SCOTT, District Judge:

Appellant Mona D. Ford brought this action in the United States District Court for the Southern District of Georgia seeking judicial review of the final decision of the Secretary of Health and Human Services denying her claim for supplemental security income benefits under Title XVI of the Social Security Act. The district court affirmed the decision of the Secretary, finding that there was substantial evidence in

** District Judge of the Middle District of Florida, sitting by designation.

the record to support the Secretary's determination that appellant was not under a disability as defined by the Social Security Act. We reverse and remand for further proceedings.

Appellant's claim for supplemental security income benefits was denied by the Social Security Administration both initially and upon reconsideration. Thereafter, appellant was granted a *de novo* hearing before an administrative law judge who found that appellant was not entitled to supplemental security income benefits. During the hearing, appellant's representative requested that a psychiatric evaluation be conducted to determine the extent of any emotional problems that appellant may have suffered as a result of her breast surgery. The administrative law judge did not make an express factual determination as to the severity of appellant's alleged mental impairment and gave no reasons for his denial of appellant's request for a consultative psychiatric examination, but rather concluded that "[t]he evidence does not substantiate an impairment of such severity that it would impart other than temporary minor pain and discomfort." The decision of the administrative law judge was affirmed by the Appeals Council of the Social Security Administration and, therefore, became the final decision of the Secretary. The administrative decision was subsequently upheld by the district court.

Appellant was born on October 3, 1932 and attended school through the sixth grade. She alleges that she is disabled due to fibrocystic breast disease, nervousness, arthritis and kidney infections. As a result of severe fibrocystic breast disease, appellant underwent surgical removal of both breasts and insertion of prosthetic implants in January 1979. Appellant's post-operative course was essentially uncomplicated and the incisions healed properly. However, in March 1979, appellant's physician prescribed medication for nervousness.

Appellant was examined at a mental health clinic in May 1979 and was diagnosed as suffering from depressive neurosis. The mental health clinic reported that appellant was emotionally unstable and unable to work due to her mental and physical condition. The reports received from the clinic, however, were not signed by a physician. Appellant visited the mental health clinic periodically for counseling and chemotherapy from June 1979 until September 1979. Reports by the clinic during that period indicated that appellant was still suffering from depressive neurosis but noted some improvement as a result of the medication and counseling.

At the administrative hearing appellant testified that her primary impairment is nervousness. She stated that she has difficulty sleeping and that the noise from her grandchildren often causes her to cry and "go all to pieces." Appellant stated that her husband probably left her because he thought that she was no longer a woman after she had had a hysterectomy. She indicated that her physician has prescribed three different types of medication for her nervousness. Appellant testified that her nervousness was probably attributable to her total dependency on her daughter and her inability to get along with her son-in-law.

Appellant contends that the administrative law judge failed to properly evaluate the extent of appellant's alleged mental impairment. Appellant argues that by denying her request for a consultative psychiatric examination, the administrative law judge failed to fulfill his obligation to conduct a full and fair inquiry of the issues presented and that, therefore, the administrative decision is not supported by substantial evidence.

■■■ Judicial review of the administrative decision is limited to a determination of whether the findings of the Secretary are supported by substantial evidence. 42 U.S.C. § 405(g) (1974); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Chaney v. Califano,* 588 F.2d 958 (5th Cir. 1979). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales, supra,* 402 U.S. at 401, 91 S.Ct. at 1427, 28 L.Ed.2d at 852, *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 217, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938). However, the administrative decision is not supported by substantial evidence if the administrative law judge does not have before him sufficient facts on which to make an informed decision. *Davis v. Califano,* 599 F.2d 1324 (5th Cir. 1979); *McGee v. Weinberger,* 518 F.2d 330 (5th Cir. 1975).

■ Claimants seeking disability benefits under the Social Security Act have the burden of proving that they are under a disability as defined by the Act. 42 U.S.C. §§ 416(i)(1) & 423(d)(2)(A) (1974); *Johnson v. Harris,* 612 F.2d 993 (5th Cir. 1980). The regulations adopted by the Secretary, however, provide that the administrative law judge "shall inquire fully into the matters at issue" and "afford the parties a reasonable opportunity for a fair hearing." 20 C.F.R. § 404.927 (1980). Therefore, in considering a disability claim, the administrative law judge must fully and fairly develop the facts. *McGee v. Weinberger, supra; Sellars v. Secretary,* 458 F.2d 984 (8th Cir. 1972).

■ The regulations further provide that the administrative law judge may order a consultative examination where warranted. 20 C.F.R. §§ 404.927 & 404.1527 (1980). In fulfilling his duty to conduct a full and fair inquiry, the administrative law judge is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision. *Turner v. Califano,* 563 F.2d 669 (5th Cir. 1977).

■ We conclude that a consultative psychiatric examination was necessary to enable the administrative law judge in the instant case to make an informed decision. Appellant testified at the administrative hearing that she experiences trouble sleeping, crying spells and nervousness. Her physician has prescribed medication for her nervousness. A report from a mental health clinic, signed by a social worker, stated that appellant was emotionally unstable and unable to work due to her mental and physical condition. The administrative law judge failed to make an express factual finding with regard to the severity of appellant's alleged mental impairment and failed to specify his reasons for denying appellant's request for a consultative psychiatric examination. The only reference in the administrative decision to appellant's mental condition was the administrative law judge's statement that:

> Claimant testified that her nerve problems come from her son-in-law, who has now moved out. Claimant has been married three times and has separated from her last husband, stating she has always had "nerves" because of domestic relations problems.

We, therefore, conclude that the administrative law judge failed to fulfill his duty to fully and fairly develop the facts with regard to appellant's alleged mental impairment. *Davis v. Califano, supra; McGee v. Weinberger, supra.* Accordingly, the decision of the district court is reversed and this case is remanded for further proceedings pursuant to 42 U.S.C. § 405(g) so that the Secretary can consider the results of a consultative psychiatric examination in determining the severity of appellant's alleged mental impairment.

REVERSED and REMANDED.