17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank C. TORRES, Plaintiff-Appellant,
v.
SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Defendant-Appellee.
 No. 93-2126.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1994.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant appeals the district court's order of April 12, 1993, which affirmed the Secretary of Health and Human Services' denial of claimant's application for disability insurance benefits. The Secretary denied claimant benefits after concluding that, although claimant could not return to his past relevant work as "a truck driver or motor man for a mining industry," he had the residual functional capacity to engage in light work. R. at 32, 35.[2] The only issue claimant raises on appeal is whether the Secretary erred in failing to obtain a consultative psychological evaluation of his alleged depression and alcoholism.
 
 
 4
 "We review the Secretary's decision to determine whether [her] findings are supported by substantial evidence in the record and whether [she] applied the correct legal standards." Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). In reviewing the Secretary's decision, we may not reweigh the evidence or substitute our judgment for that of the Secretary. Brown v. Bowen, 801 F.2d 361, 362 (10th Cir.1986).
 
 
 5
 Claimant filed his application for social security benefits on April 10, 1990, alleging he had been disabled since April 28, 1989, due to back problems. Claimant had injured his back in a work-related accident on April 25, 1989. Claimant did not list either depression or alcoholism as a basis for disability on his application. Claimant's application was denied initially and on reconsideration. An administrative law judge (ALJ) conducted a de novo review, including a hearing on February 27, 1991, at which claimant was represented by counsel.
 
 
 6
 Claimant testified at the hearing that his primary problems were with his lower back and left leg. When asked whether he had experienced any depression or anxiety as a result of his back injury, claimant responded that he had, but that he was "getting over it." R. at 53. Claimant testified that Dr. Sergeant, who treated claimant for his back, explained to claimant that every injury or illness that keeps a person from working is depressing. Claimant said that, like his depression over the Vietnam war, he had not sought help for his depression arising from his injury, but that he was "finally ... getting out of it." Id. Claimant also testified that the Veterans Administration had offered him counseling, but he did not indicate that he had accepted the offer.
 
 
 7
 Dr. Sergeant noted in July 1989 that claimant was complaining about "losing weight, not having an appetite, and being generally down." Id. at 104. Dr. Sergeant suspected these conditions were associated with claimant's "disability, chronic pain, and not working." Id. Dr. Sergeant discussed the matter with claimant at some length and contemplated prescribing an antidepressant if claimant continued to have the same problems. Claimant testified at the hearing that he had regained almost all the weight he had lost after the accident, and the record does not contain any subsequent references by Dr. Sergeant to either claimant's loss of weight or appetite or claimant's depression. Likewise, Dr. Sergeant's notes do not reflect that he ever prescribed an antidepressant for claimant.[3]
 
 
 8
 The record before the ALJ also contained a January 1990 vocational evaluation report from Bertina Telles in which Ms. Telles noted that claimant said that he "saw a psychiatrist right after returning from Viet Nam and he saw a psychologist in 1975 and alcoholism treatment program was recommended which he did not carry out." Id. at 110. Although this recommendation suggests that claimant may have had a drinking problem, we note that the record contains no diagnosis of alcoholism or other evidence of an alcoholism-related disease. Moreover, the record shows that claimant was regularly employed up until the time he quit working in 1989 and does not suggest that claimant's drinking interfered with his work in any manner.
 
 
 9
 Neither claimant nor his counsel ever raised the issue of alcoholism to the ALJ. At the conclusion of their testimony, the ALJ gave claimant and his wife an opportunity to add anything they did not think was covered by the questions asked at the hearing. Neither mentioned claimant's drinking or suggested that it affected his ability to perform work-related functions. Likewise, after the hearing the ALJ gave claimant's attorney an opportunity both to object to hypothetical questions he proposed to propound to a vocational expert and to submit any additional evidence or legal argument counsel desired. Counsel used none of these avenues, however, to suggest that claimant was impaired by alcoholism or otherwise bring the issue of alcoholism to the attention of the ALJ.
 
 
 10
 The ALJ issued his decision denying claimant's request for benefits, along with an OHA Psychiatric Review Technique Form that he completed, on July 16, 1991. The ALJ considered the references to claimant's depression and concluded that nothing in the record indicated "a medically determinable psychiatric impairment." R. at 31. Claimant obtained new counsel and sought review of the ALJ's decision by the Appeals Council.
 
 
 11
 On November 19, 1991, four months after the ALJ issued his decision, claimant's new counsel sent a letter to the Appeals Council requesting that claimant "be referred for a consultative psychological evaluation in order to develop the record fully." Id. at 13. This was the first time that claimant had ever suggested the need for a consultative psychological exam.
 
 
 12
 A month later, claimant went to the Veterans Administration Medical Center (VAMC) seeking counseling. The initial contact report by the social worker indicated that claimant said: " 'I need counseling. I have depression, get anxious and have a history of Alcoholism.' " Id. at 7. When questioned about his alcoholism, claimant stated "it currently is not that big a deal." Id. at 8.
 
 
 13
 The social worker recommended that claimant be evaluated for possible posttraumatic stress syndrome based on his Vietnam experiences, as well as alcoholism, if he wanted it. She offered him weekly counseling for depression and assistance in filing a claim for VA benefits. The social worker reported that claimant "was depressed but only mildly so and one gets the idea he is interested in getting more VA monies or income and counseling [is] a secondary need or desire." Id. On February 10, 1992, claimant provided the Appeals Council with a copy of the December 17, 1991, initial contact report from the VAMC's Social Work Services. See id. at 5. The record does not reflect whether claimant ever followed through with the counseling the VAMC offered.
 
 
 14
 On March 24, 1992, the Appeals Council issued its decision declining to review the ALJ's decision. The Appeals Council discussed the medical reports submitted to it from the VAMC, as well as claimant's request for a consultative psychological exam. The Appeals Council denied the request, noting that because the information claimant provided regarding his alleged mental impairments did "not reveal any significant deterioration in [claimant's] condition or further restriction in [claimant's] ability to function, the weight of the evidence currently of record does not change the findings set forth in the hearing decision." Id. at 4.
 
 
 15
 We turn now to claimant's argument that the Secretary erred in failing to order a consultative psychological examination. "[T]he Secretary has the 'duty to develop the record fully and fairly, even if ... the claimant is represented by counsel.' " Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir.1992)(quoting Warner v. Heckler, 722 F.2d 428, 431 (8th Cir.1983)). "If [a claimant's] medical sources cannot or will not give [the Secretary] sufficient medical evidence about [the claimant's] impairment for [the Secretary] to determine whether [the claimant is] disabled," the Secretary may order a consultative examination of the claimant at her expense. 20 C.F.R. 404.1517. "The decision to require such an examination is discretionary." Jones v. Bowen, 829 F.2d 524, 526 (5th Cir.1987); accord Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir.1990)("The Secretary has broad latitude in ordering a consultative examination.").
 
 
 16
 The pertinent inquiry is "whether the record contained sufficient medical evidence for the [Secretary] to make an informed decision as to [claimant's] alleged mental impairment," without the need for a consultative psychological examination. Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989); accord Turner v. Califano, 563 F.2d 669, 671 (5th Cir.1977)("To be very clear, 'full inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision.").
 
 
 17
 Based on the record before us, we conclude that the Secretary had sufficient medical evidence before her to make an informed decision about claimant's impairments without the need for a consultative psychological examination. The evidence showed that claimant suffered some depression after he was injured, but he was getting over the depression without the assistance of medication. Although the record contained one or two isolated comments about claimant's drinking, there was no evidence that claimant had been diagnosed as an alcoholic, that he suffered from other symptoms relating to alcohol abuse, or that his drinking interfered with his ability to work in any way.
 
 
 18
 Therefore, the Secretary did not abuse her discretion in failing to obtain a consultative psychological examination of claimant. Because the Secretary's decision is supported by substantial evidence, we must uphold her denial of benefits to claimant.
 
 
 19
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Claimant originally filed an Appendix that contained only bits and pieces of the administrative record. After briefs were filed, however, claimant submitted a Record on Appeal that contained the entire administrative and district court records. Citations will be to this full record
 
 
 [3]
 Claimant contends that Dr. Sergeant did prescribe an antidepressant medication for him. Appellant's Br. at 6. The prescription to which claimant refers, App. to Appellant's Br. at 82; R. at 156, however, appears to be for Carafate, which is not indicated for depression, but for the treatment of duodenal ulcers, Physician's Desk Reference 1294 (48th ed.1994)