69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Velda A. MCKENZIE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7012.
(D.C.No. CV-93-653-B)
 United States Court of Appeals, Tenth Circuit.
 Nov. 6, 1995.
 
 ORDER AND JUDGMENT[2]
 Before TACHA and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 BARRET, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Velda A. McKenzie appeals a district court decision affirming the denial by the Secretary of Health and Human Services (the Secretary) of benefits under the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 3
 Claimant alleges that she is disabled due to back pain, peptic ulcer, poor vision, and nerves. Her request for benefits was denied initially and on reconsideration. After a hearing, the administrative law judge (ALJ) also denied claimant's request. The Appeals Council remanded the case to the ALJ and a second hearing was held. The ALJ again denied benefits and the Appeals Council again remanded for another administrative hearing. A different ALJ considered the case de novo at a third hearing and found that claimant was not disabled. This decision was upheld by the Appeals Council and the district court.
 
 
 4
 At the time of her third administrative hearing, claimant was a fifty-year-old woman with a ninth-grade education and a high school equivalency degree. Claimant had past relevant work experience as a hotel maid, a waitress, and owner of a discount clothing store. The ALJ denied benefits at step five of the five part sequential evaluation process for determining disability, finding that although claimant's residual functional capacity (RFC) to perform the full range of sedentary work was reduced by her need to alternatively sit and stand while working, there are a significant number of jobs in the national economy which claimant could perform with her restrictions.
 
 
 5
 On appeal, claimant contends that the ALJ 1) failed to order a consultative examination to determine the severity of claimant's visual impairment, 2) failed to consider the limitations caused by the side effects of claimant's medication, 3) improperly relied on the medical-vocational guidelines (grids) as a framework because claimant does not fall within a specific RFC category, and 4) failed to resolve inconsistencies between the vocational testimony and job classifications in the Dictionary of Occupational Titles.
 
 II. Discussion
 
 6
 Our review of the Secretary's determination that a claimant is not disabled is limited to determining whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. 423(d)(2)(A). A claimant has the burden of proving his disability prevents him from engaging in his prior work activity. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). If a claimant meets this burden, the burden shifts to the Secretary to show that the claimant can perform other jobs presently existing in the national economy. Id.
 
 A.
 
 7
 Claimant first contends that the ALJ erred in failing to order a consultative examination regarding her visual impairment. While the ALJ must consider all relevant medical evidence of record, Baker v. Bowen, 886 F.2d 289, 291 (10th Cir.1989), he has broad latitude in ordering a consultative examination, Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir.1990). A consultative examination is not required unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision. Turner v. Califano, 563 F.2d 669, 671 (5th Cir.1977).
 
 
 8
 We conclude that the ALJ had sufficient medical evidence before him to make an informed decision about claimant's visual impairment without the need for a consultative medical examination. Claimant did not present objective medical evidence that would support a conclusion that she suffers from a visual impairment that affects her ability to work. The evidence showed that claimant underwent a successful eye operation to prevent narrow angle closure glaucoma in April 1990. Claimant's treating ophthalmologist stated that claimant had healthy optic nerves following the operation. Appellant's App. at 310. A later report from another of claimant's treating ophthalmologists stated that claimant had a visual acuity of 20/20 in the right eye and 20/25+2 in the left eye. Id. at 294. Claimant did not present any evidence that any treating ophthalmologist had ever placed any restrictions on her ability to work as a result of her visual impairment. And, the vocational expert did consider claimant's complaints about a vision impairment in determining the types of work claimant could perform. Id. at 134. Thus, the ALJ did not err in not obtaining a consultative examination of claimant's visual impairment.
 
 B.
 
 9
 Claimant next contends the Secretary failed to consider the limitations caused by the side effects of her medication. Claimant mentioned in passing during her first administrative hearing that one of her medications made her "real sleepy." Id. at 83-84. Claimant did not complain of any side effects from her medication during her other two hearings, even when the ALJ questioned her at the third hearing about her use of medication. Id. at 121-22. Moreover, there is no evidence in the record that claimant ever complained about any side effects from her medications to any of her treating physicians. Thus, claimant did not present objective medical evidence that any side effects from her medication were in fact limiting.
 
 C.
 
 10
 Claimant next contends that the ALJ improperly relied on the grids because the claimant's limitations do not specifically match a certain work level. Claimant misstates the law when she argues that the grids cannot be applied as a framework for decisionmaking under such circumstances.
 
 
 11
 Where a claimant's RFC matches the criteria of a particular work level, the grids may be applied conclusively. Trimiar v. Sullivan, 966 F.2d 1326, 1332 (10th Cir.1992). Where a claimant cannot perform the full range of a certain work level, however, the grids may be used only as a framework for decisionmaking, and vocational testimony should be obtained. Id. at 1333.
 
 
 12
 Here, the ALJ did not exclusively rely on the grids. Because the evidence showed that claimant could not perform the full range of sedentary work, the ALJ secured vocational testimony and used the grids merely as a framework for his conclusions. As this is the required procedure, there was no error.
 
 D.
 
 13
 Finally, claimant argues that the testimony of the vocational expert (VE) that there are cashier positions claimant could perform conflicts with the Dictionary of Occupational Titles classification of "cashier" work as "light" work. This contention is without merit.
 
 
 14
 The Dictionary of Occupational Titles identifies several cashier jobs as "sedentary." See DOT Code numbers 211.362-010 (cashier I, clerical), 211.462-022 (cashier, gambling, amusement and recreation), and 211.462-026 (check cashier, business services). The VE indicated there were sedentary cashier positions available, which is consistent with the DOT classifications, and the VE testified that these cashier positions would allow claimant alternately to sit and stand while working. Appellant's App. at 132, 135. Moreover, the VE identified jobs other than cashier that claimant could perform, including some assembly and bench work jobs, and quality control jobs. Id. at 132-33, 135-36.
 
 
 15
 Because claimant has not demonstrated legal error in the ALJ's analysis and because we conclude substantial evidence exists for the ALJ's findings, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 ***
 Honorable Wesely E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation