**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARIE A. WALKER,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

      Defendant-Appellee.

No. 96-5134
(D.C. No. 95-C-354-M)
(N.D. Okla)

---

ORDER AND JUDGMENT**

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

\*      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Marie A. Walker appeals from the order of the district court which affirmed the final decision of the Secretary of the Social Security Administration denying her request for disability benefits.  The sole issue presented for our review is whether, under the circumstances of this case, the ALJ erred in failing to obtain a consultative examination to ascertain the current state of claimant's vision loss.

Our jurisdiction arises under 28 U.S.C. § 1291.  In reviewing the Secretary's decision, we determine whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards.  See Miller v. Chater, 99 F.3d 972, 975-76 (10th Cir. 1996).  Substantial evidence is "adequate relevant evidence that a reasonable mind might accept to support a conclusion."  Kepler v. Chater, 68 F.3d 387, 388-89 (10th Cir. 1995).  We do not reweigh the evidence or substitute our discretion for that of the Secretary.  Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

Claimant's application, filed March 4, 1993, was denied initially and on reconsideration.  At the administrative hearing conducted on July 20, 1994 by the

-2-

Administrative Law Judge (ALJ), Claimant testified that she could not work because of impaired eyesight, severe problems with her feet, and arthritic pain and weakness in her hands. She stated that she could not see well out of either eye and that the right eye "had an infection in it [in 1992] and it was iritis,"[1] Appellant's App. Vol. II at 171, and the "left eye has gotten blurred pretty bad since I had the iritis," id. Her testimony was that she could not see well enough to clean and cook, read a newspaper, or watch television.

However, the objective medical evidence does not support claimant's testimony as to the extent of her visual impairment.[2] Claimant was treated for acute iritis from May 29, 1992 to December 14, 1992. The last report of Dr. Joe D. Cope, her treating optometrist, dated May 11, 1993, stated that claimant

---

[1] We note, as did the district court, that no evidence in the record links the iritis with claimant's degenerative diabetic condition. Iritis is "an inflammation of the iris." Stedman's Medical Dictionary 802 (25th ed. 1990). Claimant's medical records also use the term "uveitis," which is an "inflammation of the uveal tract: iris, ciliary body and choroid." Id. at 1678.

[2] On appeal, claimant challenges only the ALJ's findings concerning her visual impairment, although she describes additional impairments. We note that the objective medical evidence does not bear out her testimony on the extent of these impairments, either. At the hearing, claimant stated that she could only lift 2 to 3 pounds. The records reflect that her symptoms of weakness and pain in her hands were diagnosed and treated as probable osteoarthritis. However, X-rays failed to show evidence of fracture, dislocation or significant degenerative change. As to the foot problems that allegedly prevented her from standing more than 35 minutes or walking more than one-half a block, she was treated by a podiatrist in February and March of 1994 for a plantar ulcer on her left foot. The records indicate that the prognosis was "Very good with Orthotics and Orthopedic Shoes." Appellant's App., Vol. II at 139.

was "doing quite niecly [sic] now" and that her vision had stabilized at 20/100 in her right eye and 20/25 in her left eye, although the condition had a tendency to recur. Id. at 91. Dr. Cope opined that claimant's performance would be limited by the decrease in binocularity, but that she should be able to perform certain tasks well so long as her left eye retained its visual acuity. Id. On November 4, 1993, Dr. Steve P. Sanders, claimant's treating physician, assessed her eye problems and noted that the iritis was stable. Id. at 101. Claimant herself told Dr. Sanders in November 1992 that her vision had "almost completely cleared up," id. at 111, and in April 1993 that, although she still had difficulties with vision in her right eye, it appeared to be "improving all the time," id. at 104.

The ALJ credited the objective medical evidence on claimant's visual acuity, along with claimant's earlier statements to Dr. Sanders, and discounted the subjective statements made at the hearing. He found that, although claimant's residual functional capacity to perform the full range of sedentary and light work of an unskilled nature was reduced by a lack of close binocular vision, she could still perform a significant number of jobs in the national economy. The ALJ denied benefits at step five of the five-part sequential evaluation process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.

1988) (discussing the five steps). This decision was upheld by the Appeals Council and the district court.[3]

The record supports the ALJ's evaluation of claimant's visual capacity. Both the objective medical evidence and claimant's own reports to her medical providers indicate that she had sufficient vision to perform basic work activities. The only evidence to the contrary is claimant's testimony, which the ALJ disbelieved. "Credibility determinations are peculiarly the province of the finder of fact." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990).[4]

Contrary to claimant's contentions, the ALJ was not required to order a consultative examination regarding the current extent of her visual impairment. The ALJ has broad latitude in ordering a consultative examination. Id. at 778. A consultative examination is required only if the record establishes that such an examination is necessary to enable the ALJ to make the disability decision. See Turner v. Califano, 563 F.2d 669, 671 (5th Cir. 1977).

---

[3] The parties consented to disposition of this case by the magistrate judge. See 28 U.S.C. § 636(c)(3).

[4] Claimant asserts that the ALJ improperly assessed her credibility and discounted her testimony because the ALJ failed to link her conclusions to the evidence. The assertion is not well taken. The ALJ considered the relevant factors and properly identified the evidence on which he relied in reaching his conclusions. See Kepler v. Chater, 68 F.3d at 391 (requiring express findings on an credibility determination, with reference to relevant evidence).

In this case, the record on the nature and severity of claimant's vision loss was adequate for the disability decision. It contained medical reports on the status of her condition not only from the twelve months prior to the application date of March 4, 1993, but also from Dr. Cope as of May 1993 and Dr. Sanders as of November 1993. See 20 C.F.R. § 404.1512(d) (requiring a medical history for at least the twelve months preceding the date of the application); see also Kendrick v. Shalala, 998 F.2d 455, 456-57 (7th Cir. 1993) (commenting on the difficulty of having a "complete" record as "one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on."). Claimant's testimony that the vision in her left eye had blurred since she had iritis does not change our analysis. We find no error in the ALJ's not obtaining a consultative examination.

We have carefully reviewed the record and have considered claimant's arguments in light of the record. We conclude that substantial evidence supports the determination that claimant was not disabled within the meaning of the Social Security Act. Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-6-