UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VIRGINIA R. CRAFT,
Plaintiff-Appellant,

v.

No. 97-2551

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-96-239-B)

Submitted: September 15, 1998

Decided: October 6, 1998

Before MURNAGHAN, NIEMEYER, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph E. Wolfe, WOLFE & FARMER, Norton, Virginia, for Appel-
lant. James A. Winn, Chief Counsel, Patricia M. Smith, Deputy Chief
Counsel, Margaret J. Krecke, Assistant Regional Counsel, Office of
the General Counsel, SOCIAL SECURITY ADMINISTRATION,
Philadelphia, Pennsylvania; Robert P. Crouch, Jr., United States
Attorney, John F. Cochran, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Virginia R. Craft appeals the district court's order affirming the Commissioner of Social Security's denial of Craft's claim for disability insurance benefits. The Commissioner denied Craft benefits after concluding that, although Craft could not return to her past relevant work, she had the residual functional capacity to engage in sedentary work. On appeal, Craft asserts that the Commissioner erred in discounting portions of Dr. Worth's mental assessment and in failing to develop the record concerning Craft's mental disability.

Craft filed her application for social security benefits on February 8, 1994, alleging that she had been disabled since August 3, 1993, due to nervousness and pain in her back, hips, and legs. Craft's application was denied initially and on reconsideration. An administrative law judge ("ALJ") conducted a de novo review, including a hearing on April 12, 1995, at which Craft was represented by counsel.

Craft testified at the hearing that she has pain and a burning sensation in her back which radiates down her legs. She also has pain and soreness in her knees, and she occasionally suffers from migraines. She also testified that she is nervous, feels "useless," and wants to be left alone. Her activities include household chores, cooking, watching television, going to church, shopping, short-distance driving, and socializing with her children.

In 1992, Craft was treated by Dr. Kotay for low back pain. Examination revealed muscle spasm of the lumbar spine and moderate osteoporosis. Dr. Kotay treated Craft's back pain with calcium supplementation and estrogen therapy.

From 1993 to 1995, Dr. Marshall treated Craft for chronic low back, osteoarthritis and osteoporosis. Tests revealed lumbar spondylo-

2

sis, mild polyphagia, and osteoporosis. Dr. Marshall prescribed Toradol and Flexiril and advised Craft to implement an exercise program. He determined that Craft could do sedentary to light work with the following restrictions: occasionally lifting or carrying a maximum of fifteen pounds; standing, walking, or sitting for a total of only four to six hours (fifty minutes without interruption); and no stooping, bending, or subjecting herself to vibration.

Treating Craft between 1993 and 1995, Dr. Bell diagnosed crepitance in both knees, low back strain, osteoarthritis and osteoporosis. He prescribed various pain killers and muscle relaxants. Dr. Bell also treated Craft during the latter half of 1994 for right hand, knee, and back pain. He advised continued use of Toradol. Dr. Bell referred Craft to Dr. Morris for further treatment of osteoporosis. Dr. Morris diagnosed osteopenia and recommended calcium and estrogen therapy. Dr. Morris reported that Craft suffered from a partial disability and should be restricted from lifting and bending.

Dr. Worth submitted a report dated December 21, 1994. Craft reported problems with depression, irritability, sleep disturbance, and decreased energy. Based on Craft's subjective complaints, Dr. Worth diagnosed depression and opined that counseling and antidepressant medication could ameliorate Craft's physical pain. While he determined that Craft was not capable of working because of physical pain, he could not quantify the extent to which psychological factors exacerbated Craft's perception of pain. Dr. Worth also completed a form assessing Craft's ability to do work-related activities from a mental standpoint. He determined that Craft retained a seriously limited, but not precluded, ability to deal with work stresses; maintain attention; function independently; understand, remember, and carry out complex job instructions; and behave in an emotionally stable manner. In addition, Dr. Worth found Craft retained a good ability to follow work rules, use judgment, interact with supervisors, follow detailed work instructions, and maintain personal appearance, and an unlimited ability to follow simple job instructions. He also found Craft possessed a limited but satisfactory ability to deal with the public, use judgment, and relate predictably in social situations. Finally, Dr. Worth found that Craft retained no useful ability to demonstrate reliability due to her depression and chronic pain.

3

Dr. Bachman submitted a report dated January 1994, diagnosing Craft with severe osteoporosis and chondromalacia of the patella. He noted that Craft did not appear to be in pain and that she had good range of motion in her back. He also completed a form assessing Craft's work ability from a physical standpoint and determined that Craft could stand or walk for a total of four hours (one hour without interruption) and that Craft should not climb, stoop, crouch, kneel, crawl, push, pull, work around heights, or move machinery.

The ALJ determined that Craft's medical evidence established that she suffered from depression, chronic back pain, mild polyphagia, osteoporosis, and crepitance in both knees. Based partially on the testimony of a vocational expert, the ALJ further found that Craft could perform unskilled, sedentary work which accommodated her physical and mental limitations. In so finding, the ALJ discounted Dr. Worth's functional assessment and his determination that Craft was disabled by physical pain, based on the inconsistencies in Dr. Worth's report and the fact that Craft had not sought medical treatment for her "nerves." The Appeals Council declined to review the ALJ's decision, rendering it the final decision of the Commissioner. Craft then filed a civil action in district court. The district court granted the Commissioner's motion for summary judgment, and Craft now appeals.

Craft first contends that the ALJ erroneously discounted portions of Dr. Worth's opinion. However, the ALJ must decide what weight to assign to a non-treating physician's opinion, based on several listed factors (including (i) the existence, nature, and extent of any treatment or examining relationship; (ii) the extent to which the opinion is supported by medical evidence and is consistent with the record as a whole; and (iii) whether the opinion is rendered in an area of specialty). See 20 C.F.R. § 404.1527(d) (1996). An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," Scivally v. Sullivan , 966 F.2d 1070, 1077 (7th Cir. 1992), or has not given good reason for the weight afforded a particular opinion. See 20 C.F.R. § 404.1527(d).

The ALJ agreed with Dr. Worth that Craft suffered from depression and had moderate difficulties in maintaining social functioning. The ALJ disagreed, however, as to the degree to which Craft is

4

restricted. The determination of a claimant's residual functional capacity and the application of vocational factors are reserved to the ALJ, who is not bound by medical opinion on these subjects. See 20 C.F.R. § 404.1527(e)(2) (1996).

Contradicting Dr. Worth's conclusions that Craft was unable to demonstrate reliability, the record shows that, on certain days, Craft cooks, performs some housework, washes dishes, and grocery shops with her husband. She drives for short distances. She watches television, works crafts, attends church, and visits with her family. Further, Dr. Worth's conclusion that Craft was debilitated by pain was based only on Craft's complaints and not on her depression, which he could not quantify. In addition, Dr. Worth's conclusions were inconsistent with the medical opinions of Dr. Marshall and Dr. Bachman, who treated Craft for back pain and concluded, nonetheless, that Craft retained the ability to work. Moreover, there was no evidence to support Dr. Worth's opinion that Craft had no useful ability to demonstrate reliability. He did not perform any clinical tests, he does not indicate that Craft had difficulty focusing or concentrating during his examination, and his conclusions are not consistent with Craft's ability to hold long-term jobs in the past. Finally, no other doctor ever reported that Craft's behavior was emotionally unstable. In sum, Craft's daily regimen and an adequate weighing of the medical evidence of record provides the requisite substantial evidence to support the ALJ's conclusions that, despite her mental and physical impairments, Craft retains the requisite functional capacity to perform sedentary work. See Richardson v. Perales, 402 U.S. 389, 401 (1971) (standard of review).

Craft also contends that the ALJ failed to develop a full and fair record. She asserts that the ALJ should have arranged for further psychological testing after rejecting portions of Dr. Worth's opinion. The pertinent inquiry is "whether the record contained sufficient medical evidence for the ALJ to make an informed decision as to [Craft's] alleged mental impairment," without the need for a second consultative psychological examination. Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989); see also Turner v. Califano , 563 F.2d 669, 671 (5th Cir. 1977) (examination only required when"necessary" to ALJ's decision).

5

Based on the record before us, we conclude that the ALJ had sufficient medical evidence before him to make an informed decision about Craft's impairments. In fact, the ALJ did develop the record by obtaining consultative evaluations from Dr. Bachman and Dr. Worth, and by arranging for the testimony of a vocational expert. While the ALJ must make a reasonable inquiry into a claim of disability, he has no duty to "go to inordinate lengths to develop a claimant's case." Thomas v. Califano, 556 F.2d 616, 618 (1st Cir. 1977). The ALJ's considerable efforts here to develop the medical evidence on behalf on this represented claimant were more than adequate. Furthermore, even on appeal, Craft makes no showing that any further evidence would have aided her application. Therefore, we find that the ALJ did not abuse his discretion in failing to obtain a second consultative psychological examination of Craft. See Jones v. Bowen, 829 F.2d 524, 526 (5th Cir. 1987) (standard of review).

We, therefore, affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6