United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30760
Summary Calendar

VERSIE W. WHITE, JR.,

                              Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

                              Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:02-CV-2299
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Versie W. White, Jr., appeals the district court's judgment affirming the decision of the Commissioner of Social Security that he is not disabled within the meaning of the Social Security Act. White contends that his seizure disorder and impairments to his right hand, arm and shoulder render him disabled. White also asserts that the Administrative Law Judge (ALJ) erred in failing to obtain additional medical expert evidence regarding his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitations and in finding that a significant number of jobs that White can perform exist in the national and local economies.

This court's review of the Commissioner's decision is limited to determining whether substantial evidence in the record supports the decision and whether the Commissioner applied the proper legal standards. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). The ALJ reviewed the testimony as well as numerous medical records regarding Mr. White's conditions. The ALJ also had the benefit of two examinations by orthopedic surgeons regarding Mr. White's physical limitations and a residual functional capacity assessment.

The evidence supports the ALJ's decision that neither Mr. White's seizure disorder nor the condition of his arm, wrist and shoulder equals any listed impairments. In addition, the record was sufficiently developed and, therefore, the ALJ was not required to obtain additional medical expert testimony. See Ford v. Secretary of Health & Human Servs., 659 F.2d 66, 69 (5th Cir. 1981). Finally, the ALJ's conclusion regarding available jobs within Mr. White's abilities was supported by the record.

For the foregoing reasons, the judgment of the district court is AFFIRMED.