[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

No. 09-10147
Non-Argument Calendar

_____

D. C. Docket No. 08-80042-CV-FJL

ANTHONY GEORGE,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,
U.S. ATTORNEY GENERAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 8, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Anthony George appeals from the district court's order affirming the administrative law judge's ("ALJ") denial of his application for disability

insurance benefits and supplemental security income ("SSI") benefits, 42 U.S.C. §§ 405(g) and 1383(c)(3). The ALJ who conducted George's hearing went on extended military leave, and a new ALJ issued an opinion in George's case without holding a new hearing. On appeal, George argues that: (1) the second ALJ did not comply with the Hearings, Appeals, and Litigation Law Manual ("HALLEX") because he did not hold a new hearing and did not state whether he took the fact that George's credibility and demeanor could be a significant factor in deciding the case into consideration before determining that a new hearing was unnecessary; and (2) the ALJ did not develop a full and fair record because it did not request records from Jackson Memorial Hospital or subpoena records from the Florida Department of Corrections ("FL DOC"). After careful review, we affirm.

"Judicial review of the administrative decision [determining social security benefits] is limited to a determination of whether the findings of the Secretary are supported by substantial evidence." Ford v. Secretary of Health and Human Services, 659 F.2d 66, 68 (5th Cir. Unit B 1981).[1] "However, the administrative decision is not supported by substantial evidence if the administrative law judge does not have before him sufficient facts on which to make an informed decision."

---

[1] See Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982) (adopting all post-September 30, 1981 decisions of Unit B of the former Fifth Circuit as binding precedent in the Eleventh Circuit).

Id. at 69.  Although we have not stated a precise standard of review for the ALJ's decision regarding holding a new hearing or developing a record, we need not decide which standard of review to apply, as we discern no error here under even a de novo standard of review.  Cf. United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006).

First, we reject George's claim that the second ALJ did not comply with the HALLEX.  Under HALLEX, when an ALJ who conducted a hearing in a case becomes unavailable, the ALJ to whom the case is reassigned reviews the record to determine whether a new hearing is required.  HALLEX § I-2-8-40.  The new ALJ reviews the entire record, including the audio recording of the hearing, and "[i]f the ALJ is prepared to issue a fully favorable decision, another hearing would not be necessary," but "[i]f the ALJ is prepared to issue a less than fully favorable decision, another hearing may be necessary.  For example, another hearing would be necessary if . . . the claimant alleges disabling pain, and the ALJ believes the claimant's credibility and demeanor could be a significant factor in deciding the case."  Id.  In Shave v. Apfel, 238 F.3d 592, 596-97 (5th Cir. 2001), the Fifth Circuit addressed this specific HALLEX provision, and found that a second hearing was not required in that case because the ALJ's rejection of the claimant's credibility was based not on his demeanor or a factor that could be observed in a

live hearing, but on a combination of medical evidence and the conflict between his hearing testimony and his previous characterization of his condition.

Here, even if we assume that § I-2-8-40 of HALLEX carries the force of law -- a very big assumption -- the ALJ did not violate it because the provision does not mandate a new hearing any time the ALJ is not prepared to accept the claimant's allegations. See HALLEX § I-2-8-40 ("[i]f the ALJ is prepared to issue a less than fully favorable decision, another hearing <u>may</u> be necessary" (emphasis added)). Nor does the plain language of HALLEX § I-2-8-40 require that the ALJ make a specific finding as to the claimant's demeanor. See HALLEX § I-2-8-40. In this case, the ALJ did not make any findings concerning George's demeanor, but rested the credibility determination on the fact that his statements concerning the intensity, persistence, and limiting effects of such symptoms were not entirely credible when compared with the objective medical evidence on the record. Thus, the ALJ's decision was based on evidence from the existing record and the transcript from the hearing, and a second hearing would not have added in any meaningful way to the record. Accordingly, the ALJ did not err by failing to hold a new hearing. See <u>Shave</u>, 238 F.3d at 596-97.

We also find no merit in George's claim that the ALJ did not develop a full and fair record. We recognize that regardless of whether a claimant is represented by counsel, the ALJ "has a duty to develop a full and fair record." <u>Brown v.</u>

4

<u>Shalala</u>, 44 F.3d 931, 934 (11th Cir. 1995). Nonetheless, we have indicated that "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." <u>Id.</u> at 935. Before ordering a remand, we will review the administrative record as a whole to determine if it is inadequate or incomplete or "show[s] the kind of gaps in the evidence necessary to demonstrate prejudice." <u>Graham v. Apfel</u>, 129 F.3d 1420, 1423 (11th Cir. 1997).

Even assuming that the ALJ erred by failing to obtain records from Jackson Memorial Hospital or the FL DOC, George must show that he was prejudiced by this failure. <u>See</u> <u>Brown</u>, 44 F.3d at 935. But George makes no allegation of prejudice. He does not argue that the records from Jackson Memorial Hospital contain any evidence that would have been pertinent to the ALJ's decision, and he specifically testified that since being incarcerated he had not received any medical treatment except a physical. Accordingly, the ALJ did not err in basing his decision on the original record in this case.

**AFFIRMED.**